LOUIS J. KHOURY, ESQ., SBN 57491
LAW OFFICES OF LOUIS J. KHOURY
A Professional Corporation
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326

Telephone: (310) 553-7291
Facsimile: (310) 553-7295

Attorney for Judgment Creditor and Defendant
T.L. SHIELD & ASSOCIATES

ORIGINAL

FILED
MAR 16 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In RE<br><br>STEVE DAVIS,<br><br>                Debtor. | CASE NO. 2:09-22514-SB<br><br>Chapter 11 |
| STEVE DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, FA. A Federal Association, FRANK MATRANGA, MICHAEL ROSENGARTEN, MANHATTAN FINISH, INC., T.L. SHIELD AND ASSOCIATES, INC., FINTON CONSTRUCTION, INC., dba FINTON ASSOCIATES, INC., COVELLO PLASTERING CORP., TILEN-COUNTERS INC., VILLA PACIFIC CONTRACTORS, INC., PARAMOUNT SCAFFOLD, INC., BROADWAY A/C HEATING & SHEET METAL, GERALD H. RISSMAN as Trustee of the Living Trust Dated 11/19/96, JUDITH J. HOLT MCCARTHY REVOCABLE TRUST DATED 5/16/1991, CAROLINE BAKER INTERIOR DESIGN, SIERRA LANDSCAPE DEVELOPMENT, ACTION MILLWORK, RICHARD MACHEN, UNITED STATES OF AMERICA by and through its agency the Internal Revenue Service, GRANT & WEBBER, a Corporation, STATE OF CALIFORNIA FRANCHISE TAX BOARD, J.V. MCBURNEY CONCRETE | Adv. Case No. 10-01120-SB<br><br>ANSWER OF DEFENDANT<br>T. L. SHIELD & ASSOCIATES TO DEBTOR'S COMPLAINT FOR DECLARATORY RELIEF<br><br>(Class Certification Requested by Plaintiff/Debtor) |

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

1

ANSWER OF T.L. SHIELD & ASSOCIATES TO COMPLAINT FOR DECLARATORY RELIEF

Louis J Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

| | |
|---|---|
| 1 | **CONSTRUCTION , INC., JOYCE J. CAMMILLERI TRUST DATED NOVEMBER 16, 2001, TOM GONZALES, COURTESY ELECTRIC WHOLESALE CORP., ECS ELECTRICAL, WHITE STAR PLASTERING CO., INC., CLASSICAL BUILDING ARTS, INC., OJ INSULATION, LP, JOSE A. SANDOVAL, and all others similar situated,** |
| | **Defendants.** |

Defendant, T.L. Shield & Associates, Inc., a California corporation (herein either "Defendant" or "TL Shield") for itself and itself alone and severing itself from all other defendants herein answers the Plaintiff/Debtor's Complaint for Declaratory Relief to Determine Priority and Extent of Liens pursuant to Rule 70001 of the *Federal Rules of Bankruptcy Procedure* (the "Complaint") as follows:

## VENUE AND JURISDICTION

1.    This answering Defendant admits the allegations contained in Paragraphs 1, 2, 3, and 4.

## THE PARTIES

2.    Defendant admits the allegations contained in Paragraphs 5, 6, and 7.

3.    Defendant, admits that it asserts a lien on the property. Specifically, and as set forth in the Preliminary Title Report attached to the Complaint as Exhibit A, on April 17, 2008, T.L. Shield recorded a Mechanic's Lien against the property (Item No. 9) and on September 5, 2008, it recorded a Notice of Pendency of Action in the Office of the Los Angeles County Recorder (Item No. 22). Thereafter on March 20, 2009, T.L. Shield secured a Judgment against Debtor in the amount of $29,420.56 with post-judgment interest thereon running from March 20, 2009. In addition to the award of money, said Judgment ordered the foreclosure of the T.L. Shield's mechanic's lien encumbering the property. A true and correct conformed copy of such Judgment is

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

1. attached hereto as Exhibit A.

Save and except as herein specifically admitted, based on its lack of information or belief sufficient to admit or deny the allegations contained in said paragraph, Defendant denies generally and specifically, each and every allegation contained in Paragraph 8.

4. Defendant admits that the Defendants can be grouped as alleged therein; however, Defendant denies that it is properly a member of the Mechanics' group as it has secured a judgment and Defendant denies that any such grouping has any legal significance or that it in any way affects Defendant's rights.

## CLASS ISSUES

5. Defendant denies, generally and specifically, each and every allegation contained in Paragraph 10, and the whole thereof.

6. In answering Paragraph 11, Defendant denies that certification of the Mechanics as a class is appropriate and further denies that the failure to certify the Mechanics as a class creates the illegally impermissible dissimilar treatment of the members of the Mechanic's putative class.

7. In answer to Paragraph 12 Defendant denies that such certification would be dispositive of the interests of all of the other mechanics and denies, generally and specifically, each and every allegation contained in said paragraph.

8. Defendant has no information or belief as to the allegations contained in Paragraph 13 and basing its denial thereon denies, generally and specifically, each and every allegation contained in said paragraph.

9. Defendant admits the allegations contained in Paragraphs 14 and 15.

10. Defendant has no information or belief as to the allegations contained in Paragraph 16 and basing its denial on such lack of information or belief, denies, generally and specifically, each and every allegation contained in said paragraph.

3

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

## THE FACTS

11. Defendant lacks sufficient information, belief or facts with which to admit or deny the allegations contained in Paragraphs 17, 18, 19, 20, 21 and 22 and basing its denial on the grounds of lack of information and belief, denies, generally and specifically, each and every allegation contained in said paragraph.

12. Defendant denies, generally and specifically, each and every allegation contained in Paragraphs 23 and 24.

13. Defendant lacks sufficient information, belief or facts with which to admit or deny the allegations contained in Paragraphs 25, 26 and 27 and basing its denial on the grounds of lack of information and belief, denies, generally and specifically, each and every allegation contained in said paragraph.

14. Defendant denies, generally and specifically, each and every allegation contained in Paragraph 28, and the whole thereof.

### - FIRST AFFIRMATIVE DEFENSE -

15. The Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### - SECOND AFFIRMATIVE DEFENSE -

16. The Complaint fails to state a cause of action upon which a class may be certified on the grounds that the Complaint does not contain allegations establishing a legally cognizable class and community of interest.

### - THIRD AFFIRMATIVE DEFENSE -

17. The Complaint is barred, in whole or in part, by the running of the applicable statutes of limitation, including, but not limited to the statutes of limitations set forth in *California Code of Civil Procedure* §§337, 338, 339 and 340 as well as the applicable Federal and Bankruptcy Code statutes of limitation.

### - FOURTH AFFIRMATIVE DEFENSE -

18. The Complaint against this answering Defendant is barred and Plaintiff/ Debtor is barred from any relief by the doctrine of estoppel as Plaintiff/Debtor had the

opportunity to litigate these issues in the State court action and, having failed to do so, is estopped from denying the priority of this answering Defendant's lien and the entry of a Judgment the effective date of which relates back to the date the Mechanic's Lien was recorded.

### - FIFTH AFFIRMATIVE DEFENSE -

19. With respect to the priority of its Judgment this answering Defendant alleges that its Judgment Lien relates back to the date when it first started openly and notoriously performing services at the property, to wit, prior to December 6, 2007, and that said Judgment Lien is superior to all liens and deeds of trust set forth on the Preliminary Title Report attached to the Complaint as Exhibit A, save and except for Items No. 1, 2, and 3 contained therein. Accordingly, all liens recorded against the property, whether they be the liens of trust deed holders, taxing authorities, or Mechanics recorded after December 5, 2007 are junior to the Judgment Lien of this answering Defendant.

### - SIXTH AFFIRMATIVE DEFENSE -

20. The Plaintiff/Debtor is barred from any relief that in any way impairs the priority of this answering Defendant's Judgment Lien by the doctrine of unclean hands because Plaintiff/Debtor has engaged in inequitable misconduct that relates directly to the subject matter of the Complaint and occurs throughout the events described therein.

WHEREFORE, Defendant, T.L. Shield & Associates, prays for judgment on Plaintiff's Complaint as follows:

1. For a Declaration that the lien of Defendant's Judgment is superior to all other liens recorded against the subject property save and except for the lien of that deed of trust described in Exception 3 set forth in the Preliminary Title Report;

2. For a Judgment denying the certification of the Mechanic's Lien holders as a class, or, in the alternative, excluding this answering Defendant from

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

5

ANSWER OF T.L. SHIELD & ASSOCIATES TO COMPLAINT FOR DECLARATORY RELIEF

1       any such class treatment or certification;

2   3.   For reasonable attorney's fees and costs incurred herein; and

3   4.   For such other and further relief as the court deems just and proper.

5   DATED: March 15, 2010           Respectfully Submitted,

By: _____
Louis J. Khoury
Attorney for Defendant T.L. Shield & Associates

Louis J Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

6

ANSWER OF T.L. SHIELD & ASSOCIATES TO COMPLAINT FOR DECLARATORY RELIEF

03/15/2010  15:43  13105537295                LOUIS J PHOUPY                              PAGE  08

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing <u>Answer to Complaint</u> _____
_____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

X    I am  X  an Officer ___ a partner _____ ⎽a_____ of <u>T.L. Shield &</u>
<u>Associates, Inc.</u>_____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ⌐x⌐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. _____ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  <u>March   ,2010</u>_____ , at <u>Los Angeles County</u>_____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Thomas
<s>Tomas</s> L. Shield_____                                    X_____
       Type or Print Name                                                   Signature

### PROOF OF SERVICE
10135 (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
by placing ⎽⎽ the original ⎽⎽ a true copy thereof enclosed in sealed envelopes addressed as follows:




**BY MAIL**
⎽⎽ I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
⎽⎽ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

**(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

(State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                       _____
Type or Print Name                                                       Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG*
**FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER

Legal Solutions Plus    Rev 7/99

**EXHIBIT A**

LOUIS J. KHOURY, ESQ., SBN 57491
LAW OFFICES OF LOUIS J. KHOURY
A Professional Corporation
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326

Telephone: (310) 553-7291
Facsimile:  (310) 553-7295
E-mail: ljkhoury@aol.com

Attorney for Plaintiff T.L. SHIELD & ASSOCIATES, INC.,
a California Corporation

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2009

John A. Clarke, Executive Officer/Clerk
By S. TEMBLADOR, Deputy

RECEIVED
MAR 13 2009
ROOM 111

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| T.L. SHIELD & ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN T. DAVIS, and DOES 1 through 100<br><br>Defendants. | CASE NO.  BC 394491<br><br>[Assigned to the Hon. Ernest Hiroshige, Dept. 54]<br><br>[~~PROPOSED~~] JUDGMENT |

    This matter having proceeded as a default prove-up hearing before this court on March 20, 2009, on the complaint brought by Plaintiff T.L. SHIELD & ASSOCIATES, INC., a California corporation (herein "Plaintiff"), against Defendant, STEVEN T. DAVIS, (herein "Defendant") and the court having heard live testimony and received documentary evidence and exhibits, and the court having heard and considered all such evidence, the court hereby orders, adjudges, and decrees as follows:

    JUDGMENT IS HEREBY ENTERED on behalf of Plaintiff T.L. SHIELD & ASSOCIATES, INC. and against Defendant, STEVEN T. DAVIS', on the complaint filed in this matter, as follows:

s J. Khoury
Century Park East
2400
Angeles, CA 90067
) 553-7291

-1-
JUDGMENT

1. On Plaintiffs Complaint, on all causes of action in favor of Plaintiff and against Defendant, in the amount of $24,921.47 plus pre judgment interest at the rate of 10% per annum from the dates of breach, June 5, 2007, November 5, 2007 and February 21, 2008, in the amount of $3,763.09, and for costs in the amount of $736, for a total judgment in the amount of $29,420.56. Post judgment Interest shall run from March 20, 2009.

2. As to the 2nd Cause of Action of Plaintiff's complaint for Foreclosure of Mechanic's Lien, the court further specifically orders as follows:

(a) That there is due owing and unpaid to Plaintiff from Defendant, for and on account of work, labor and services performed and building materials and improvements furnished and supplied to said Defendants as alleged and set forth in Plaintiff's Complaint, the total sum of $24,921.47 in principal, plus pre judgment interest at the rate of 10% per annum from the dates of breach through March 20, 2009, in the amount of $3,763.09, and for costs in the amount of $736, for a total judgment in the amount of $29,420.56 as more specifically set forth in Paragraph 1 above, in lawful

(b) Plaintiff has a lien upon said property located at 1475/1489 San Pasqual, Pasadena, CA 91106 (the "Premises") and upon the land upon which the same is situated, and upon the whole thereof, as alleged in Plaintiffs complaint and hereinafter described, for the amount of $29,420.56, the respective amounts hereinbefore adjudged and decreed to be due Plaintiff.

(c.) The whole of said land upon which said property is located is necessary and require for the convenient use and occupation of said project.

(d) The Premises hereinafter described, or so much thereof as may be sufficient to raise the amounts due the Plaintiff, which are herein decreed to be a lien

s J. Khoury
Century Park East
2400
Angeles, CA 90067
) 553-7291

-2-
JUDGMENT

upon said premises, for principal and interest, expenses and costs of suit, including the expense of sale, and which may be sold separately without material injury to the parties interested, is to be sold at public auction, by the Sheriff of the County of Los Angeles according to law; that the said Sheriff give public notice to the time and place of such sale and the manner provided by law, and according to the courts and practice of this Court and the law relative to the sale of real estate under execution, and that the Plaintiff or any person or persons may become the purchaser at such sale; and that the Sheriff execute a deed to the purchase or purchasers of said premises on said sale, and that said Sheriff, out of the proceeds of said sale, retain his fees, disbursements, and commissions on said sale, and pay to the Plaintiff, or his attorney, out of said proceeds, his costs of this suit, and the moneys herein found to be a lien upon said premises, as hereinbefore decreed, with interest thereon from this date, at the rate of ten percent (10%) per annum or so much thereof as said proceeds of said sale will pay the same.

(e)    If the proceeds realized from said sale be insufficient to pay all of the sums found to be a lien upon said Premises as hereinbefore decreed, and if any deficiency arises upon said sale in the payment thereof, then said Sheriff shall specify the same in his report of sale, and that judgment may be entered therefore against Defendant, for the remainder.

(f)    The lands and premises directed to be sold by this decree are situated in the County of Los Angeles, State of California, and are particularly described as follows:

"Parcel A:

Parcel 3 together with the Easterly 4.90 feet and the Northerly 20.00 feet of Parcel 2 of Parcel Map25562 recorded In Book 302 Pages 51 and 52 of Parcel Maps, in the office of the County Recorder of said County, to be held as a part of a single parcel comprised of said portions of Parcel 2 and all of Parcel 3 of said

s J. Khoury
Century Park East
2400
Angeles, CA 90067
(553-7291

-3-
JUDGMENT

Parcel Map pursuant to the lot line adjustment approved by the City of Pasadena by that Certificate of Compliance recorded on June 12, 2002 as Instrument No. 02-1340627.

Parcel B:

An Exclusive easement appurtenant thereto for use as a private driveway for Ingress, egress, landscaping, and lighting In and over a portion of Parcel 2 of said Parcel Map, described by metes and bounds as follows:

Beginning at the Southwest corner of said Parcel 1 of said Parcel Map; thence along the Southerly line of said Parcel Map, South 89 Degrees 39' 15" East 132.01 feet to the true point of beginning; thence continuing along said Southerly line, South 89 Degrees 39' 15" East 7.60 feet to the point of intersection of said Southerly line with a line parallel with and 19.90 feet Westerly of the Easterly line of said Parcel Map; thence Northerly along said parallel line North 00 Degrees 02' 39" East 324.93 feet to the Southerly line of the Northerly 20.00 feet of said Parcel 2; thence North 89 Degrees 39' 15" West 9.73 feet thence South 00 Degrees 02' 39" West 104.93 feet; thence South 00 Degrees 08' 20" East 119.46 feet; thence North 89 Degrees 51' 33" East 1.36 feet; thence South 00 Degrees 08' 27" East 11.00 feet; thence South 89 Degrees 51' 40" West 1.36 feet; thence South 00 Degrees 08 20" East 63.03 feet; thence South 03 Degrees 12' 55" East 26.58 feet; to the true point of beginning."

Dated: **MAR 2 0 2009**, 2009

Judge Ernest M. Hiroshige
Judge of the Superior Court

s J. Khoury
Century Park East
· 2400
Angeles, CA 90067
1 553-7291

-4-
JUDGMENT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On March 16, 2010 I served the foregoing documents described as

**ANSWER OF DEFENDANT T. L. SHIELD & ASSOCIATES TO DEBTOR'S COMPLAINT FOR DECLARATORY RELIEF**

on the following parties:

**PLEASE SEE ATTACHED SERVICE LIST.**

**BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as indicated on the attached Service List. I am readily familiar with the firm's practice of collection and processing of mail, and I deposited the foregoing envelope(s) into the firm's mail collection system. Under that practice, it is picked up by the U.S. Postal Service on that same day with the costs thereof fully prepaid at Los Angeles, California, in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2010 at Los Angeles, California

_____
Nicole L. Soteras

## SERVICE LIST
### Case No. 2:09-22514-SB
### Adv. Case No. 10-01120-SB

| | |
|---|---|
| David A. Tilem<br>Law offices of David A. Tilem<br>206 N. Jackson Street, Suite 201<br>Glendale, CA 91206 | Sierra Landscape Development<br>Agent for Service of Process<br>Richard L. Watchler<br>1124 Santa Anita Avenue<br>Arcadia, CA 91006 |
| Sierra Landscape Development<br>Agent for Service of Process<br>Richard L. Watchler<br>1124 Santa Anita Avenue<br>Arcadia, CA 91006 | Finton Construction, Inc.<br>C/o Eoin Kreditor, Esq.<br>Friedman Stroff & Gerard, P.C.<br>19800 Macarthur Blvd., Suite 1100<br>Irvine, CA 92612 |
| Action Millwork<br>3515 Woodhaven Street<br>Simi Valley, CA 93063 | Covello Plastering Corporation<br>Green & Campbell LLP<br>1777 E. Los Angeles Ave., Suite 201<br>Simi Valley, CA 93065 |
| Broadway A/C/ Heating & Sheet Metal<br>1748 21st Street<br>Santa Monica, CA 90404 | Action Millwork<br>7333 Coldwater Canyon Ave<br>North Hollywood, CA 91605 |
| Broadway A/C/ Heating & Sheet Metal<br>ATT: President Alexander Merzel<br>1748 21st Street<br>Santa Monica, CA 90404 | Richard Machen<br>ATT: David Barnier, Esq.<br>2341 Jefferson St., Suite 200<br>San Diego, CA 92110 |
| Gerald Rissman<br>1101 Skokie Blvd., #255<br>Northbrook, IL 60062 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Judy Holt<br>2 Barnard Court<br>Rancho Mirage, CA 92270 | Grant & Weber<br>Ron Grossblatt<br>26575 W. Agoura Road<br>Calabasas, CA 91302 |
| Caroline Baker Interior Design<br>c/o James W. Bates<br>Law Offices of James W. Bates<br>2418 Honolulu Aven., #J<br>Montrose, CA 91020 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-295 |

1

| | |
|---|---|
| Caroline Baker Interior Design<br>Agent for Service of Process<br>1776 Linda Vista Ave<br>Pasadena, CA 91103 | JV McBurney Concrete Construction, Inc.<br>ATT: Philip Landsman, Esq.<br>22030 Ventura Blvd., Suite 206<br>Woodland Hills, CA 91364 |
| Caroline Baker Interior Design<br>745 S. Marengo Ave.<br>Pasadena, CA 91106 | OJ Insulation, L.P.<br>CT Corporation System<br>495 High St Suite 50<br>Columbus, DE 43215 |
| Tom Gonzalez<br>3512 N. Verdugo Rd.<br>Glendale, CA 91208 | Courtesy Electrical Wholesale Corp.,<br>ECS Electrial<br>2220 W. Main Street<br>Alhambra, CA 91801 |
| Courtesy Electrical Wholesale Corp.,<br>ECS Electrical<br>926 Orange Grove Blvd.<br>Pasadena, CA 91104 | White Star Plastering Co.<br>Agent for Service of Process Victor F. Cassara<br>11841 Sheldon Street<br>Sun Valley, CA 91352 |
| Classical Building Arts, Inc.<br>Agent for Service of Process<br>Alejandro Aguirre<br>854 E. Mendocino St.<br>Altadena, CA 91101 | Washington Mutual Bank<br>2210 Enterprise Drive<br>DOC OPS FSCE 440<br>Florence, SC 29501 |
| Jose A. Sandoval<br>2346 Caldero Lane<br>Montrose, CA 91020 | Steve Davis<br>4809 Burgoyne Lane<br>La Canada, CA 91001 |
| United States Trustee<br>Russell Clementson, Staff Attorney<br>Office of the United States Trustee<br>725 South Figueroa Street, Suite 2600<br>Los Angeles, CA 90017 | Joyce J. Cammilleri<br>Boren, Osher & Luftman LLP<br>ATT: Steven Boren<br>5900 Wilshire Blvd., Suite 920<br>Los Angeles, CA 90036 |
| Jennifer V. Stroffe<br>Friedman Stroffee & Gerard, P.C.<br>19800 Macarthur Blvd., #100<br>Irvine, CA 92612-2425 | Washington Mutual Bank<br>Agent for Service of Process<br>Theresa M. Marchlewski<br>9200 Oakdale Ave., N1107101<br>Chatsworth, CA 91311 |

2

| | |
|---|---|
| **Manhattan Finish, Inc.,**<br>**1077 E. PCH PBM #157**<br>**Seal Beach, CA 90440** | **JP Morgan Chase Bank**<br>**CT Corporation System**<br>**818 West Seventh Street**<br>**Los Angeles, CA 90017** |
| **Frank Matranga**<br>**1708 Oak Grove**<br>**San Marino, CA 91108-1111** | **Finton Construction Inc.**<br>**Michael Reeves**<br>**401 Rolyn Pl**<br>**Arcadia, CA 91007** |
| **Covello Plastering Corporation**<br>**Craig Covello**<br>**5909 Clear Valley Road**<br>**Hidden Hills, CA 91302** | **Tilencounters,Inc.**<br>**Michelle Gonzales**<br>**3512 N. Verdugo Rd**<br>**Glendale, CA 91208** |
| **Villa Pacific Contractors, Inc.**<br>**Michelle B. Hannah**<br>**9900 Research Drive**<br>**Irvine, CA 92618** | **Villa Pacific Contractors, Inc.**<br>**3303 Harbor Blvd., H5**<br>**Costa Mesa, 92626** |
| **Paramount Scaffold, Inc.**<br>**Micah Nisito**<br>**3300 I St.**<br>**Sacramento, CA 95816** | **Michael Rosengarten**<br>**795 Oak Knoll Circle**<br>**Pasadena, CA 91106** |