``EXHIBIT B''

46

# EQUITY TITLE COMPANY

425 W. BROADWAY SUITE 300
GLENDALE, CA 91204
PHONE: (800) 373-7500
FAX: (818) 242-9176

DATED AS OF APRIL 28, 2009 AT 7:30 A.M.

**STEVE DAVIS ESTATES**
**101 S. MADISON**
**PASADENA, CA 91001**

**ATTENTION:  STEVE DAVIS**

**YOUR NO.:**
**PROPERTY ADDRESS: APN: 5736-005-028**

**ORDER NO.: LA0873703**
**TITLE OFFICER: DON R BENDER**

## "UPDATED PRELIMINARY REPORT"

IN RESPONSE TO THE ABOVE REFERENCED APPLICATION FOR A POLICY OF TITLE INSURANCE, **EQUITY TITLE COMPANY** HEREBY REPORTS THAT IT IS PREPARED TO ISSUE, OR CAUSE TO BE ISSUED, AS OF THE DATE HEREOF, A POLICY OR POLICIES OF TITLE INSURANCE DESCRIBING THE LAND AND THE ESTATE OR INTEREST THEREIN HEREINAFTER SET FORTH, INSURING AGAINST LOSS WHICH MAY BE SUSTAINED BY REASON OF ANY DEFECT, LIEN OR ENCUMBRANCE NOT SHOWN OR REFERRED TO AS AN EXCEPTION BELOW OR NOT EXCLUDED FROM COVERAGE PURSUANT TO THE PRINTED SCHEDULES, CONDITIONS AND STIPULATIONS OF SAID POLICY FORMS.

THE PRINTED EXCEPTIONS AND EXCLUSIONS FROM THE COVERAGE OF SAID POLICY OR POLICIES ARE SET FORTH IN EXHIBIT B ATTACHED. THE POLICY TO BE ISSUED MAY CONTAIN AN ARBITRATION CLAUSE. WHEN THE AMOUNT OF INSURANCE IS LESS THAN THAT SET FORTH IN THE ARBITRATION CLAUSE, ALL ARBITRABLE MATTERS SHALL BE ARBITRATED AT THE OPTION OF EITHER THE COMPANY OR THE INSURED AS THE EXCLUSIVE REMEDY OF THE PARTIES.  LIMITATIONS ON COVERED RISKS APPLICABLE TO THE CLTA AND ALTA HOMEOWNER'S POLICIES OF TITLE INSURANCE WHICH ESTABLISH A DEDUCTIBLE AMOUNT AND A MAXIMUM DOLLAR LIMIT OF LIABILITY FOR CERTAIN COVERAGES ARE SET FORTH IN THE POLICY. COPIES OF THE POLICY FORMS SHOULD BE READ.  THEY ARE AVAILABLE FROM THE OFFICE THAT ISSUED THIS REPORT.

**PLEASE READ THE EXCEPTIONS SHOWN OR REFERRED TO BELOW AND THE EXCEPTIONS AND EXCLUSIONS SET FORTH IN EXHIBIT A OF THIS REPORT CAREFULLY.  THE EXCEPTIONS AND EXCLUSIONS ARE MEANT TO PROVIDE YOU WITH NOTICE OF MATTERS WHICH ARE NOT COVERED UNDER THE TERMS OF THE TITLE INSURANCE POLICY AND SHOULD BE CAREFULLY CONSIDERED.**

**IT IS IMPORTANT TO NOTE THAT THIS PRELIMINARY REPORT IS NOT A WRITTEN REPRESENTATION AS TO THE CONDITION OF TITLE AND MAY NOT LIST ALL LIENS, DEFECTS AND ENCUMBRANCES AFFECTING TITLE TO THE LAND.**

THIS REPORT (AND ANY SUPPLEMENTS OR AMENDMENTS HERETO) IS ISSUED SOLELY FOR THE PURPOSE OF FACILITATING THE ISSUANCE OF A POLICY OF TITLE INSURANCE AND NO LIABILITY IS ASSUMED HEREBY.  IF IT IS DESIRED THAT LIABILITY BE ASSUMED PRIOR TO THE ISSUANCE OF A POLICY OF TITLE INSURANCE, A BINDER OR COMMITMENT SHOULD BE REQUESTED.

THE FORM OF POLICY OF TITLE INSURANCE CONTEMPLATED BY THIS REPORT IS:

[ ]    CALIFORNIA LAND TITLE ASSOCIATION/AMERICAN LAND TITLE ASSOCIATION
       HOMEOWNERS POLICY

[ ]    AMERICAN LAND TITLE ASSOCIATION LOAN POLICY

[X]    CALIFORNIA LAND TITLE ASSOCIATION STANDARD POLICY

[ ]    AMERICAN LAND TITLE ASSOCIATION RESIDENTIAL POLICY

ORDER NO. LA0873703

## SCHEDULE A

THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A FEE AS TO PARCEL A, AN EASEMENT AS TO PARCEL B.**

TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**STEVEN T. DAVIS, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY**

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

**SEE EXHIBIT "A" ATTACHED HERETO**

48

ORDER NO. LA0873703

## EXHIBIT "A"

**PARCEL A:**

PARCEL 3 TOGETHER WITH THE EASTERLY 4.90 FEET AND THE NORTHERLY 20.00 FEET OF PARCEL 2 OF PARCEL MAP 25562 RECORDED IN BOOK 302 PAGES 51 AND 52 OF PARCEL MAPS, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TO BE HELD AS A PART OF A SINGLE PARCEL COMPRISED OF SAID PORTIONS OF PARCEL 2 AND ALL OF PARCEL 3 OF SAID PARCEL MAP PURSUANT TO THE LOT LINE ADJUSTMENT APPROVED BY THE CITY OF PASADENA BY THAT CERTIFICATE OF COMPLIANCE RECORDED ON JUNE 12, 2002 AS INSTRUMENT NO. 02-1340627, OF OFFICIAL RECORDS.

**PARCEL B:**

AN EXCLUSIVE EASEMENT APPURTENANT THERETO FOR USE AS A PRIVATE DRIVEWAY FOR INGRESS, EGRESS, LANDSCAPING, AND LIGHTING IN AND OVER A PORTION OF PARCEL 2 OF SAID PARCEL MAP, DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID PARCEL 1 OF SAID PARCEL MAP; THENCE ALONG THE SOUTHERLY LINE OF SAID PARCEL MAP, SOUTH 89 DEGREES 39' 15" EASE 132.01 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID SOUTHERLY LINE, SOUTH 89 DEGREES 39' 15" EAST 7.60 FEET TO THE POINT OF INTERSECTION OF SAID SOUTHERLY LINE WITH A LINE PARALLEL WITH AND 19.90 FEET WESTERLY OF THE EASTERLY LINE OF SAID PARCEL MAP; THENCE NORTHERLY ALONG SAID PARALLEL LINE NORTH 00 DEGREES 02' 39" EAST 324.93 FEET TO THE SOUTHERLY LINE OF THE NORTHERLY 20.00 FEET OF SAID PARCEL 2; THENCE NORTH 89 DEGREES 39' 15" WEST 9.73 FEET; THENCE SOUTH 00 DEGREES 02' 39" WEST 104.93 FEET; THENCE SOUTH 00 DEGREES 08' 20" EAST 119.46 FEET; THENCE NORTH 89 DEGREES 51' 33" EAST 1.36 FEET; THENCE SOUTH 00 DEGREES 08' 27" EAST 11.00 FEET; THENCE SOUTH 89 DEGREES 51' 40" WEST 1.36 FEET; THENCE SOUTH 00 DEGREES 08' 20" EAST 63.03 FEET; THENCE SOUTH 03 DEGREES 12' 55" EAST 26.58 FEET; TO THE TRUE POINT OF BEGINNING. AS CONVEYED IN THE DEED RECORDED APRIL 3, 2003, AS INSTRUMENT NO. 03-941134, UPON THE TERMS, CONDITIONS AND PROVISIONS AS THEREIN SET FORTH.

### ***END OF LEGAL DESCRIPTION***

49

ORDER NO. LA0873703

## SCHEDULE B

AT THE DATE HEREOF EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM DESIGNATED ON THE FACE PAGE OF THIS REPORT WOULD BE AS FOLLOWS:

A.   GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR 2009-2010, A LIEN NOT YET DUE OR PAYABLE.

B.   GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR 2008-2009

| | | |
|---|---|---|
| TOTAL: | $9,189.42 | |
| FIRST INSTALLMENT: | $4,594.71 | PAID |
| PENALTY: | $0.00 | |
| SECOND INSTALLMENT: | $4,594.71 | PAID |
| PENALTY: | $0.00 | |

| | |
|---|---|
| ASSESSED VALUATION: | |
| LAND VALUE: | $826,978.00 |
| IMPROVEMENTS: | $0.00 |
| EXEMPTION: | $0.00 |

| | |
|---|---|
| CODE AREA: | 07500 |
| A. P. NO.: | 5736-005-028 |

C.   THE LIEN OF SUPPLEMENTAL TAXES ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

1.   WATER RIGHTS, CLAIMS OR TITLE TO WATER, WHETHER OR NOT SHOWN BY THE PUBLIC RECORDS.

2.   AN EASEMENT AS SHOWN ON THE MAP OF TRACT NO. 25562.

FOR:                     PUBLIC UTILITY AND INCIDENTAL PURPOSES.

AFFECTS:              THAT PORTION OF SAID LAND AS SHOWN ON THE MAP OF SAID TRACT.

50

ORDER NO. LA0873703

3.  A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER
    AMOUNTS OR OBLIGATIONS SECURED THEREBY

|  |  |
|---|---|
| AMOUNT: | $3,000,000.00 |
| DATED: | NOVEMBER 24, 2006 |
| TRUSTOR: | STEVEN T. DAVIS, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY |
| TRUSTEE: | FIRST AMERICAN TITLE COMPANY |
| BENEFICIARY: | WASHINGTON MUTUAL BANK, FA., A FEDERAL ASSOCIATION |
| RECORDED: | DECEMBER 1, 2006 AS INSTRUMENT NO. 20062666818, OF OFFICIAL RECORDS. |
| LOAN NO.: | 03-2126-073665444-3 |

A DOCUMENT RECORDED NOVEMBER 17, 2008 AS INSTRUMENT NO. 20082024116, OF
OFFICIAL RECORDS, PURPORTEDLY SUBSTITUTES CALIFORNIA RECONVEYANCE
COMPANY AS TRUSTEE UNDER THE DEED OF TRUST.

A NOTICE OF DEFAULT RECORDED NOVEMBER 17, 2008 AS INSTRUMENT NO.
20082024117, OF OFFICIAL RECORDS.

A NOTICE OF TRUSTEE'S SALE RECORDED FEBRUARY 20, 2009 AS INSTRUMENT NO.
20090236803, OF OFFICIAL RECORDS.

4.  A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER
    AMOUNTS OR OBLIGATIONS SECURED THEREBY

|  |  |
|---|---|
| AMOUNT: | $350,000.00 |
| DATED: | DECEMBER 6, 2007 |
| TRUSTOR: | STEVEN T DAVIS |
| TRUSTEE: | CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | FRANK MATRANGA |
| RECORDED: | DECEMBER 10, 2007 AS INSTRUMENT NO. 20072697778, OF OFFICIAL RECORDS. |
| LOAN NO.: | NONE SHOWN |

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL
REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING:

A) THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR
   RECONVEYANCE.

B) ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL
   RECONVEYANCE EXECUTED BY THE BENEFICIARY.

C) FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT
   THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS
POSSIBLE.

ITEM NO. 4, CONTINUED

51

ORDER NO. LA0873703

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE REQUIRED.

5.  A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY

| | |
|---|---|
| AMOUNT: | $487,000.00 |
| DATED: | JANUARY 2, 2008 |
| TRUSTOR: | STEVEN T DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | FRANK MATRANGA |
| RECORDED: | JANUARY 3, 2008 AS INSTRUMENT NO. 20080009826, OF OFFICIAL RECORDS |
| LOAN NO.: | NONE SHOWN |

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING:

A)  THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR RECONVEYANCE.

B)  ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE EXECUTED BY THE BENEFICIARY.

C)  FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS POSSIBLE.

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE REQUIRED.

52

ORDER NO. LA0873703

6. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY

| | |
|---|---|
| AMOUNT: | $140,000.00 |
| DATED: | FEBRUARY 21, 2008 |
| TRUSTOR: | STEVEN T DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | FRANK MATRANGA |
| RECORDED: | FEBRUARY 22, 2008 AS INSTRUMENT NO. 20080313039, OF OFFICIAL RECORDS |
| LOAN NO.: | NONE SHOWN |

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING:

A) THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR RECONVEYANCE.

B) ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE EXECUTED BY THE BENEFICIARY.

C) FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS POSSIBLE.

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE REQUIRED.

7. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY

| | |
|---|---|
| AMOUNT: | $165,000.00 |
| DATED: | MARCH 17, 2008 |
| TRUSTOR: | STEVE DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | MICHAEL ROSENGARTEN |
| RECORDED: | MARCH 18, 2008 AS INSTRUMENT NO. 20080461782, OF OFFICIAL RECORDS. |
| LOAN NO.: | NONE SHOWN |

ITEM NO. 7, CONTINUED

7

53

ORDER NO. LA0873703

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL
<u>REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING</u>:

   A) THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR
      RECONVEYANCE.

   B) ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL
      RECONVEYANCE EXECUTED BY THE BENEFICIARY.

   C) FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT
      THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS
POSSIBLE.

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT
AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE
TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR
EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE
BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE
REQUIRED.

8. A CLAIM OF LIEN

   LIEN CLAIMANT:   MANHATTAN FINISH, INC.
   AMOUNT:         $6,539.00
   RECORDED:      MARCH 20, 2008 AS INSTRUMENT NO. 20080484621, OF OFFICIAL
                RECORDS

AND RECORDED JUNE 18, 2008, AS INSTRUMENT NO. 08-1085982, OF OFFICIAL
RECORDS.

9. A CLAIM OF LIEN

   LIEN CLAIMANT:   T L SHIELD AND ASSOCIATES, INC.
   AMOUNT:         $24,921.44
   RECORDED:      APRIL 17, 2008 AS INSTRUMENT NO. 20080676603, OF OFFICIAL
                RECORDS

10. A CLAIM OF LIEN

   LIEN CLAIMANT:   FINTON ASSOCIATES
   AMOUNT:         $76,868.52
   RECORDED:      APRIL 21, 2008 AS INSTRUMENT NO. 20080692450, OF OFFICIAL
                RECORDS

11. A CLAIM OF LIEN

   LIEN CLAIMANT:   COVELLO PLASTERING CORP.
   AMOUNT:         $23,959.50
   RECORDED:      MAY 8, 2008 AS INSTRUMENT NO. 20080819213, OF OFFICIAL
                RECORDS

54

ORDER NO. LA0873703

12. **A CLAIM OF LIEN**

| | |
|---|---|
| LIEN CLAIMANT: | TILENCOUNTERS INC. |
| AMOUNT: | $65,300.00 |
| RECORDED: | MAY 16, 2008 AS INSTRUMENT NO. 20080876229, OF OFFICIAL RECORDS |

13. **A CLAIM OF LIEN**

| | |
|---|---|
| LIEN CLAIMANT: | VILLA PACIFIC CONTRACTORS, INC. |
| AMOUNT: | $15,860.00 |
| RECORDED: | MAY 21, 2008 AS INSTRUMENT NO. 20080901659, OF OFFICIAL RECORDS |

14. **A CLAIM OF LIEN**

| | |
|---|---|
| LIEN CLAIMANT: | PARAMOUNT SCAFFOLD INC. |
| AMOUNT: | $6,330.45 |
| RECORDED: | JUNE 10, 2008 AS INSTRUMENT NO. 20081024114, OF OFFICIAL RECORDS |

15. **A CLAIM OF LIEN**

| | |
|---|---|
| LIEN CLAIMANT: | BROADWAY A/C HEATING & SHEET METAL |
| AMOUNT: | $23,330.00 |
| RECORDED: | JULY 24, 2008 AS INSTRUMENT NO. 20081326078, OF OFFICIAL RECORDS |

AND RECORDED OCTOBER 31, 2008, AS INSTRUMENT NO. 08-1931539, OF OFFICIAL RECORDS.

16. **A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY**

| | |
|---|---|
| AMOUNT: | $600,000.00 |
| DATED: | JULY 25, 2008 |
| TRUSTOR: | STEVEN DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | GERALD H. RISSMAN, LIVING TRUST DATED 11/19/96 |
| RECORDED: | AUGUST 8, 2008 AS INSTRUMENT NO. 20081426526, OF OFFICIAL RECORDS |
| LOAN NO.: | NONE SHOWN |

ITEM NO. 16, CONTINUED

55

ORDER NO. LA0873703

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING:

A) THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR RECONVEYANCE.

B) ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE EXECUTED BY THE BENEFICIARY.

C) FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS POSSIBLE.

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE REQUIRED.

17. NOTICE OF PENDENCY OF ACTION

| | |
|---|---|
| COURT: | SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, NORTHEAST DISTRICT – PASADENA COURTHOUSE. |
| CASE NO.: | 08C01855 |
| PLAINTIFF: | COVELLO PLASTERING CORPORATION, A CALIFORNIA CORPORATION |
| DEFENDANT: | STSC, INC., A CALIFORNIA CORPORATION; STEVEN T. DAVIS, AN INDIVIDUAL; TERESA L. DAVIS, AN INDIVIDUAL; WASHINGTON MUTUAL BANK, FA, A SAVINGS ASSOCIATION; AND DOES 1 THROUGH 70, INCLUSIVE |
| PURPOSE: | FORECLOSURE OF A MECHANICS' LIEN |
| RECORDED: | AUGUST 11, 2008 AS INSTRUMENT NO. 20081440254, OF OFFICIAL RECORDS |

18. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY

| | |
|---|---|
| AMOUNT: | $85,000.00 |
| DATED: | AUGUST 11, 2008 |
| TRUSTOR: | STEVE DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | JUDITH J. HOLT MCARTHY REV TRUST DTD 05/16/1991 |
| RECORDED: | AUGUST 14, 2008 AS INSTRUMENT NO. 20081464031, OF OFFICIAL RECORDS. |
| LOAN NO.: | NONE SHOWN |

ITEM NO. 18, CONTINUED

56

ORDER NO. LA0873703

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL
<u>REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING</u>:

    A)  THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR
        RECONVEYANCE.

    B)  ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL
        RECONVEYANCE EXECUTED BY THE BENEFICIARY.

    C)  FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT
        THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS
POSSIBLE.

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT
AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE
TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR
EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE
BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE
REQUIRED.

19.  A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS AND ANY OTHER
     AMOUNTS OR OBLIGATIONS SECURED THEREBY

| | |
|---|---|
| AMOUNT: | $210,000.00 |
| DATED: | AUGUST 11, 2008 |
| TRUSTOR: | STEVE DAVIS |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | MICHAEL ROSENGARTEN |
| RECORDED: | AUGUST 14, 2008 AS INSTRUMENT NO. 20081464032, OF OFFICIAL RECORDS |
| LOAN NO.: | NONE SHOWN |

IN REGARDS TO THE ABOVE-MENTIONED DEED OF TRUST THIS COMPANY WILL
<u>REQUIRE A WRITTEN DEMAND AND ONE OF THE FOLLOWING</u>:

    A)  THE ORIGINAL NOTE, DEED OF TRUST AND SIGNED REQUEST FOR
        RECONVEYANCE.

    B)  ORIGINAL NOTE AND A SUBSTITUTION OF TRUSTEE AND FULL
        RECONVEYANCE EXECUTED BY THE BENEFICIARY.

    C)  FULL RECONVEYANCE FROM THE CORPORATE TRUSTEE OF RECORD (NOT
        THE BENEFICIARY).

IF YOU CANNOT OBTAIN THESE DOCUMENTS PLEASE CONTACT US AS SOON AS
POSSIBLE.

ITEM NO. 19, CONTINUED

57

ORDER NO. LA0873703

IN ADDITION, IN ACCORDANCE WITH CALIFORNIA CIVIL CODE 51.27 AND 511.6, AS IT AFFECTS BENEFICIAL INTEREST ACQUIRED AFTER DECEMBER 31, 1974, THE TRUSTEE WILL REQUIRE THE SPOUSE TO EITHER JOIN IN THE REQUEST OR EXECUTE AN ASSIGNMENT TO THE BENEFICIARY. IF THE BENEFICIARY HAS SINCE BECOME A WIDOW(ER), A CERTIFIED COPY OF THE DEATH CERTIFICATE WILL BE REQUIRED.

20. NOTICE OF PENDENCY OF ACTION

| | |
|---|---|
| COURT: | SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF LOS ANGELES – NORTHEAST DISTRICT – PASADENA COURTHOUSE |
| CASE NO.: | 08C02022 |
| PLAINTIFF: | VILLA PACIFIC CONTRACTORS, INC., A CALIFORNIA CORPORATION |
| DEFENDANT: | FINTON CONSTRUCTION, INC. DBA FINTON ASSOCIATES, A CALIFORNIA CORPORATION; STEVEN T. DAVIS, AN INDIVIDUAL, DOES 1 THROUGH 15, INCLUSIVE |
| PURPOSE: | FORECLOSURE OF A MECHANICS' LIEN |
| RECORDED: | AUGUST 26, 2008 AS INSTRUMENT NO. 20081540643, OF OFFICIAL RECORDS |

21. A CLAIM OF LIEN

| | |
|---|---|
| LIEN CLAIMANT: | CAROLINE BAKER INTERIOR DESIGN |
| AMOUNT: | $18,616.32 |
| RECORDED: | AUGUST 29, 2008 AS INSTRUMENT NO. 20081569835, OF OFFICIAL RECORDS |

22. NOTICE OF PENDENCY OF ACTION

| | |
|---|---|
| COURT: | SUPERIOR COURT FOR THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES |
| CASE NO.: | BC 394491 |
| PLAINTIFF: | T.L. SHIELD & ASSOCIATES, INC., A CALIFORNIA CORPORATION |
| DEFENDANT: | STEVEN T DAVIS, AND DOES 1 THROUGH 100 |
| PURPOSE: | FORECLOSURE OF A MECHANICS' LIEN |
| RECORDED: | SEPTEMBER 5, 2008 AS INSTRUMENT NO. 20081606901, OF OFFICIAL RECORDS |

23. A CLAIM OF LIEN

| | |
|---|---|
| LIEN CLAIMANT: | SIERRA LANDSCAPE DEVELOPMENT |
| AMOUNT: | $75,000.00 |
| RECORDED: | SEPTEMBER 18, 2008 AS INSTRUMENT NO. 20081687481, OF OFFICIAL RECORDS |

24. A CLAIM OF LIEN

| | |
|---|---|
| LIEN CLAIMANT: | ACTION MILLWORK |
| AMOUNT: | $6,195.00 |
| RECORDED: | OCTOBER 7, 2008 AS INSTRUMENT NO. 20081794927, OF OFFICIAL RECORDS |

58

ORDER NO. LA0873703

25. A CLAIM OF LIEN

    LIEN CLAIMANT:    RICHARD MACHEN
    AMOUNT:           $77,913.93
    RECORDED:         NOVEMBER 24, 2008 AS INSTRUMENT NO. 20082074247, OF
                      OFFICIAL RECORDS

    NOTICE OF PENDENCY OF ACTION

    COURT:            SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF
                      LOS ANGELES – PASADENA COURTHOUSE
    CASE NO.:         GC042412
    PLAINTIFF:        RICHARD MACHEN
    DEFENDANT:        STEVEN T. DAVIS; AND DOES 1 THROUGH 200, INCLUSIVE
    PURPOSE:          FORECLOSURE OF A MECHANICS' LIEN
    RECORDED:         APRIL 116, 2009 AS INSTRUMENT NO. 09-556558, OFFICIAL
                      RECORDS

26. NOTICE OF PENDENCY OF ACTION

    COURT:            SUPERIOR OF THE STATE OF CALIFORNIA FOR THE COUNTY OF
                      LOS ANGELES
    CASE NO.:         08C02861
    PLAINTIFF:        CAROLINE BAKER INTERIOR DESIGN, A CALIFORNIA
                      CORPORATION
    DEFENDANT:        STEVEN T. DAVIS, AN INDIVIDUAL; JPMORGAN CHASE & CO., A
                      DELAWARE CORPORATION; AND DOES 1 TO 100, INCLUSIVE
    PURPOSE:          FORECLOSURE OF A MECHANICS' LIEN
    RECORDED:         NOVEMBER 25, 2008 AS INSTRUMENT NO. 20082088802, OF
                      OFFICIAL RECORDS

27. A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA

    SERIAL NO.:       164771804
    DEBTOR:           STEVEN T & TERESA L DAVIS
    AMOUNT:           $416,770.39, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:         APRIL 12, 2004 AS INSTRUMENT NO. 04 0877288, OF OFFICIAL
                      RECORDS

28. AN ABSTRACT OF JUDGMENT

    COURT:            SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
    CASE NO.:         04C00991
    DEBTOR:           STEVEN T. DAVIS AKA STEVEN DAVIS AKA STEVE DAVIS;
                      TERESA DAVIS AKA TERESA L. DAVIS AKA TERESA TEIFKE AKA
                      MRS. STEVEN DAVIS
    CREDITOR:         GRANT & WEBER, A CORPORATION
    AMOUNT:           $3,590.36, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:         OCTOBER 26, 2004 AS INSTRUMENT NO. 04 2758624, OF OFFICIAL
                      RECORDS

59

ORDER NO. LA0873703

29. **A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD**

DEBTOR:           STEVEN T DAVIS, TERESA L DAVIS
CERTIFICATE NO.:  04349-649904
AMOUNT:          $45,074.57, AND ANY OTHER AMOUNTS DUE THEREUNDER.
RECORDED:       DECEMBER 14, 2004 AS INSTRUMENT NO. 20043228386, OF OFFICIAL RECORDS

30. **A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA**

SERIAL NO.:       217658405
DEBTOR:           STEVEN T & TERESA L DAVIS
AMOUNT:          $126,357.16, AND ANY OTHER AMOUNTS DUE THEREUNDER.
RECORDED:       MARCH 10, 2005 AS INSTRUMENT NO. 20050558530, OF OFFICIAL RECORDS

31. **A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA**

SERIAL NO.:       379245607
DEBTOR:           STEVEN T, TERESA L DAVIS
AMOUNT:          $156,265.90, AND ANY OTHER AMOUNTS DUE THEREUNDER.
RECORDED:       JULY 23, 2007 AS INSTRUMENT NO. 20071736603, OF OFFICIAL RECORDS

32. **A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA**

SERIAL NO.:       387517507
DEBTOR:           STEVEN T, TERESA L DAVIS
AMOUNT:          $65,063.65, AND ANY OTHER AMOUNTS DUE THEREUNDER.
RECORDED:       SEPTEMBER 5, 2007 AS INSTRUMENT NO. 20072064030, OF OFFICIAL RECORDS

33. **AN ABSTRACT OF JUDGMENT**

COURT:            SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
CASE NO.:        07C01654
DEBTOR:           STEVEN TODD DAVIS AKA STEVEN T. DAVIS; TERESA LYNNE DAVIS AKA TERESA L. DAVIS AKA THERESA L. TEIFKE
CREDITOR:        JV MCBURNEY CONCRETE CONSTRUCTION INC.
AMOUNT:          $16,979.61, AND ANY OTHER AMOUNTS DUE THEREUNDER.
RECORDED:       MARCH 3, 2008 AS INSTRUMENT NO. 20080367148, OF OFFICIAL RECORDS

AND RECORDED MARCH 11, 2008, AS INSTRUMENT NO. 08-417304, OF OFFICIAL RECORDS.

60

ORDER NO. LA0873703

34. AN ABSTRACT OF JUDGMENT

    COURT:          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
    CASE NO.:      BC366756
    DEBTOR:       STEVE DAVIS
    CREDITOR:     JOYCE J. CAMMILLERI TRUST DATED NOVEMBER 16, 2001
    AMOUNT:      $197,875.53, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:    MARCH 18, 2008 AS INSTRUMENT NO. 20080464594, OF OFFICIAL
                 RECORDS

A WRIT OF EXECUTION TO ENFORCE SAID JUDGMENT RECORDED MAY 30, 2008, AS INSTRUMENT NO. 08-957998, OF OFFICIAL RECORDS.

35. A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD

    DEBTOR:        STEVEN T DAVIS, TERESA L DAVIS
    CERTIFICATE NO.: 08053691018
    AMOUNT:      $18,770.86, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:    MARCH 19, 2008 AS INSTRUMENT NO. 20080473921, OF OFFICIAL
                 RECORDS

36. A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA

    SERIAL NO.:    474819908
    DEBTOR:       STEVEN T, TERESA L DAVIS
    AMOUNT:      $187,978.90, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:    SEPTEMBER 24, 2008 AS INSTRUMENT NO. 20081719153, OF
                 OFFICIAL RECORDS

37. A CLAIM OF LIEN

    LIEN CLAIMANT:  TOM GONZALES
    AMOUNT:      $15,558.00
    RECORDED:    JANUARY 7, 2009 AS INSTRUMENT NO. 20090020186, OFFICIAL
                 RECORDS

38. A CLAIM OF LIEN

    LIEN CLAIMANT:  ACTION MILLWORK
    AMOUNT:      $6,195.00
    RECORDED:    JANUARY 7, 2009 AS INSTRUMENT NO. 20090021537, OFFICIAL
                 RECORDS

39. A CLAIM OF LIEN

    LIEN CLAIMANT:  COURTESY ELECTRIC WHOLESALE CORP.
    AMOUNT:      $6,555.89
    RECORDED:    JANUARY 7, 2009 AS INSTRUMENT NO. 20090021540, OFFICIAL
                 RECORDS

61

ORDER NO. LA0873703

40. A CLAIM OF LIEN

    LIEN CLAIMANT:    ECS ELECTRICAL
    AMOUNT:    $16,050.00
    RECORDED:    JANUARY 9, 2009 AS INSTRUMENT NO. 20090032342, OFFICIAL
    RECORDS

41. A CLAIM OF LIEN

    LIEN CLAIMANT:    WHITE STAR PLASTERING CO., INC.
    AMOUNT:    $4,265.00
    RECORDED:    JANUARY 16, 2009 AS INSTRUMENT NO. 20090061234, OFFICIAL
    RECORDS

42. A CLAIM OF LIEN

    LIEN CLAIMANT:    CLASSICAL BUILDING ARTS INC.
    AMOUNT:    $35,377.00
    RECORDED:    JANUARY 20, 2009 AS INSTRUMENT NO. 20090071823, OFFICIAL
    RECORDS

43. A CLAIM OF LIEN

    LIEN CLAIMANT:    SIERRA LANDSCAPE DEVELOPMENT
    AMOUNT:    $37,847.15
    RECORDED:    FEBRUARY 27, 2009 AS INSTRUMENT NO. 2090284348, OFFICIAL
    RECORDS

44. A CLAIM OF LIEN

    LIEN CLAIMANT:    FINTON CONSTRUCTION INC., FORMALLY DOING BUSINESS AS
        FINTON ASSOCIATES, INC.
    AMOUNT:    $76,868.52
    RECORDED:    MARCH 12, 2009 AS INSTRUMENT NO. 20090356992, OFFICIAL
    RECORDS

    NOTICE OF PENDENCY OF ACTION

    COURT:    SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF
        LOS ANGELES – NORTHEAST DISTRICT – PASADENA
        COURTHOUSE
    CASE NO.:    GC042568
    PLAINTIFF:    FINTON CONSTRUCTION INC., A CALIFORNIA CORPORATION
    DEFENDANT:    STEVEN T. DAVIS, AN INDIVIDUAL, ET AL
    PURPOSE:    FORECLOSURE OF A MECHANICS' LIEN
    RECORDED:    MARCH 19, 2009 AS INSTRUMENT NO. 20090398979, OFFICIAL
    RECORDS

    AND RE-RECORDED APRIL 13, 2009 AS INSTRUMENT NO. 2090529737, OFFICIAL
RECORDS

62

ORDER NO. LA0873703

45. A CLAIM OF LIEN

    LIEN CLAIMANT:     COURTESY ELECTRIC WHOLESALE ELECTRIC
    AMOUNT:     $6,555.89
    RECORDED:     MARCH 16, 2009 AS INSTRUMENT NO. 20090374739, OFFICIAL
         RECORDS

46. A CLAIM OF LIEN

    LIEN CLAIMANT:     OJ INSULATION, LP
    AMOUNT:     $13,026.00
    RECORDED:     MARCH 19, 200-9 AS INSTRUMENT NO. 20090395004, OFFICIAL
         RECORDS

47. A CLAIM OF LIEN

    LIEN CLAIMANT:     JOSE A. SANDOVAL
    AMOUNT:     $68,349.78
    RECORDED:     APRIL 6, 2009 AS INSTRUMENT NO. 20090493292, OFFICIAL
         RECORDS

48. AN ABSTRACT OF JUDGMENT

    COURT:     SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
    CASE NO.:     BC 394491
    DEBTOR:     STEVEN T. DAVIS
    CREDITOR:     T.L. SHIELD & ASSOCIATES, INC.
    AMOUNT:     $29,420.56, AND ANY OTHER AMOUNTS DUE THEREUNDER.
    RECORDED:     APRIL 14, 2009 AS INSTRUMENT NO. 20090536643, OFFICIAL
         RECORDS

49. ANY DEFECTS, LIENS, ENCUMBRANCES OR OTHER MATTERS WHICH NAME PARTIES WITH THE
SAME OR SIMILAR NAMES AS TERESA LYNN DAVIS AND STEVEN T. DAVIS.

63

ORDER NO. LA0873703

## REQUIREMENTS:

50. PRIOR TO THE ISSUANCE OF ANY POLICY OF TITLE INSURANCE, THE COMPANY WILL
REQUIRE:

A. THE NAME SEARCH NECESSARY TO ASCERTAIN THE EXISTENCE OF MATTERS
REFERRED TO IN ITEM NO. 49 HAS NOT BEEN COMPLETED. IN ORDER TO COMPLETE
THIS PRELIMINARY REPORT OR COMMITMENT, WE WILL REQUIRE A STATEMENT OF
INFORMATION.

IMPORTANT: PLEASE FORWARD THE STATEMENT OF INFORMATION TO US AS SOON
AS POSSIBLE, BUT NO LATER THAN 10 WORKING DAYS BEFORE CLOSING.  THIS
WILL HELP TO AVOID ANY LAST MINUTE DELAYS WITH YOUR CLOSING AND
RECORDING.

***END OF SCHEDULE B***

64

ORDER NO. LA0873703

## NOTES:

**NOTE:** UNLESS OTHERWISE DIRECTED IN WRITING, EQUITY TITLE COMPANY AUTOMATICALLY ISSUES THE **ALTA HOME OWNER'S POLICY** ON ALL QUALIFYING RESIDENTIAL PROPERTY SALE TRANSACTIONS.

**NOTE:** EFFECTIVE JANUARY 1, 1990, ASSEMBLY BILL 512, ENACTED AS CHAPTER 598, WILL ADD SECTION 12413.1 TO THE CALIFORNIA INSURANCE CODE DEALING WITH THE "GOOD FUNDS" ISSUE. FUNDS DEPOSITED BY:

- ☐ CASH AND BY ELECTRONIC TRANSFER (WIRED FUNDS) WILL BE AVAILABLE FOR SAME DAY DISBURSEMENTS.
- ☐ CASHIER'S CHECKS, CERTIFIED CHECKS AND TELLER'S CHECKS WILL BE AVAILABLE FOR NEXT DAY DISBURSEMENTS.
- ☐ ALL OTHER TYPES OF CHECKS WILL NOT BE AVAILABLE FOR DISBURSEMENT UNTIL THE DAY PROVIDED IN REGULATION CC ADOPTED BY THE FEDERAL RESERVE BOARD OF GOVERNORS.
- ☐ A DRAFT WILL NOT BE AVAILABLE FOR DISBURSEMENT UNTIL THE DRAFT HAS BEEN SUBMITTED FOR COLLECTION AND PAYMENT RECEIVED BY OUR BANK.

**PLEASE NOTE:** THIS COMPANY WILL MAKE DISBURSEMENTS ONLY IN THE SAME MANNER AS WHICH FUNDS ARE RECEIVED. SHOULD THIS COMPANY BE REQUESTED TO MAKE ANY DISBURSEMENTS BY ELECTRONIC TRANSFER (WIRED FUNDS), THIS COMPANY WILL REQUIRE FUNDS TO BE DEPOSITED TO OUR ACCOUNT BY ELECTRONIC TRANSFER.

WIRE TRANSFER INSTRUCTIONS ARE AS FOLLOWS:

FIRST AMERICAN TRUST
421 N. MAIN STREET
SANTA ANA, CA 92701

ABA # 122241255
CREDIT: EQUITY TITLE COMPANY – **(LA0873703, DON R BENDER)**
ACCOUNT # 2000046940

(SHOULD THE ABOVE WIRE INSTRUCTION BE INCOMPLETE OR INCORRECT, WIRES WILL BE RETURNED WITHOUT NOTICE.)

SHOULD YOU HAVE ANY QUESTIONS IN THIS REGARD PLEASE CONTACT YOUR TITLE OFFICER IMMEDIATELY.

**UNLESS OTHERWISE AGREED IN WRITING, EACH OF THE PRINCIPALS AGREES, UNDERSTANDS AND ACKNOWLEDGES THAT: THE ESCROW ACCOUNT IS NON-INTEREST-BEARING; NO FINANCIAL OR OTHER BENEFITS WILL BE EARNED BY OR PROVIDED TO ANY OF THE PRINCIPALS WITH RESPECT TO SUCH FUNDS' AND EQUITY TITLE COMPANY AND ITS AFFILIATES MAY INSTEAD RECEIVE DIRECT AND INDIRECT FINANCIAL AND OTHER BENEFITS FROM THE DEPOSITORY WITH RESPECT TO SUCH FUNDS THESE BENEFITS SHALL BE TREATED AS ADDITIONAL COMPENSATION TO EQUITY TITLE COMPANY FOR ITS SERVICES AS AN ESCROW HOLDER IN THIS TRANSACTION.**

ORDER NO. LA0873703

**NOTE:** THIS COMPANY DOES REQUIRE CURRENT BENEFICIARY DEMANDS PRIOR TO CLOSING. IF THE DEMAND IS EXPIRED AND A CURRENT DEMAND CANNOT BE OBTAINED, OUR REQUIREMENTS WILL BE AS FOLLOWS:

A.  IF THIS COMPANY ACCEPTS A VERBAL UPDATE ON THE DEMAND, WE WILL HOLD AN AMOUNT EQUAL TO ONE MONTHLY MORTGAGE PAYMENT PLUS INTEREST.  THIS HOLD WILL BE UP AND ABOVE THE VERBAL HOLD THE LENDER MAY HAVE STIPULATED.

B.  IF THIS COMPANY CANNOT OBTAIN A VERBAL UPDATE ON THE DEMAND, WE WILL HOLD TOTAL PROCEEDS UNTIL A CURRENT DEMAND IS RECEIVED.

**NOTE:** THE SELLER/BORROWER HEREBY AGREES TO ALLOW EQUITY TITLE COMPANY TO HOLD SUFFICIENT FUNDS FOR ALL DELINQUENT TAXES AS SHOWN HEREIN, UNTIL SUCH TIME AS PROOF OF PAYMENT IS PROVIDED AND/OR EQUITY TITLE COMPANY IS AUTHORIZED TO PAY SAID TAXES.

66

ORDER NO. LA0873703



67

# EQUITY TITLE COMPANY

# PRIVACY POLICY

## We are Committed to Safeguarding Customer Information

In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information – particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, we have adopted this Privacy Policy to govern the use and handling of your personal information.

## Applicability

This Privacy Policy governs our use of the information which you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from a public record or from another person or entity.

## Types of Information

Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:

- Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;

- Information about your transactions with us, our affiliated companies, or others; and

- Information we receive from a consumer reporting agency.

## Use of Information

We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except:  (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial service providers, such as title insurers, property and casualty insurers, and companies involved in real estate services, such as home warranty companies.

## Former Customers

Even if you are no longer our customer, our Privacy Policy will continue to apply to you.

## Confidentiality and Security

We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products or services to you. We will use our best efforts to train and oversee our employees and agents to help ensure that your information will be handled responsibly and in accordance with this Privacy Policy. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

# EXHIBIT B
## LIST OF PRINTED EXCEPTIONS AND EXCLUSIONS  (By Policy Type)

### 1. CALIFORNIA LAND TITLE ASSOCIATION STANDARD COVERAGE POLICY – 1990
#### SCHEDULE B
#### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, which are not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the public records.

#### EXCLUSIONS FROM COVERAGE
The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims, or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable "doing business" laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by their policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### 2. AMERICAN LAND TITLE ASSOCIATION LOAN POLICY - 1992
#### WITH A.L.T.A. ENDORSEMENT FORM 1 COVERAGE
#### EXCLUSIONS FROM COVERAGE
The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims, or other matters:
    (a)  created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy ( except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material or the extent insurance is afforded herein as to assessments for street improvements under construction or completed at date of policy); or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable "doing business" laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7.  Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
    (i)   the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
        (ii)   the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
        (iii)  the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
    (a)  to timely record the instrument of transfer; or
    (b)  of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

### 3. AMERICAN LAND TITLE ASSOCIATION LOAN POLICY - 1992
#### WITH REGIONAL EXCEPTIONS
When the American Land Title Association Policy is used as a Standard Coverage Policy and not as an Extended Coverage Policy, the exclusions set forth in paragraph 6 above are used and the following exceptions to coverage appear in the policy.

#### SCHEDULE B
This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof.
3.  Easements, claims of easement or encumbrances which are not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  Unpatented mining claims; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.
6.  Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown by the public records.

**4. AMERICAN LAND TITLE ASSOCIATION OWNER'S POLICY - 1992**
**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees ore expenses which arise by reason of:
1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims, or other matters:
    (a)  created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.
4.  Any claim, which arises out of the transaction vesting in the insured estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
    (i)  the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
    (ii)  the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
    (a)  to timely record the instrument of transfer, or
    (b)  of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

**5. AMERICAN LAND TITLE ASSOCIATION OWNER'S POLICY - 1992**
**WITH REGIONAL EXCEPTIONS**

When the American Land Title Association policy is used as a Standard Coverage Policy and not as an Extended Coverage Policy the exclusions set forth in paragraph 8 above are used and the following exceptions to coverage appear in the policy.

**SCHEDULE B**

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
Part One:
1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof.
3.  Easements, claims of easement or encumbrances which are not shown by public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  Unpatented mining claims; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.
6.  Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown by the public records.

**6. AMERICAN LAND TITLE ASSOCIATION RESIDENTIAL TITLE INSURANCE POLICY - 1987**
**EXCLUSIONS**

In addition to exceptions in Schedule B, you are not insured against loss, costs, attorneys' fees and expenses resulting from:
1.  Governmental police power, and the existence or violation of any law or government regulation. This includes building and zoning ordinances and also laws and regulations concerning:
    land use      land division      improvements on the land      environmental protection
This exclusion does not apply to violations or the enforcement of these matters which appear in the public records at Policy Date.
This exclusion does not limit the zoning coverage described in Items 12 and 13 of Covered Title Risks.
2.  The right to take the land by condemning it, unless:
    a notice of exercising the right appears in the public records on the Policy Date
    the taking happened prior to the Policy Date and is binding on you if you bought the land without knowing of the taking.
3.  Title Risks:
    that are created, allowed or agreed to by you
    that are known to you, but not to us, on the Policy Date - unless they appeared in the public records
    that result in no loss to you
    that first affect your title after the Policy Date - this does not limit the labor and material lien coverage in Item 8 of Covered Title Risks.
4.  Failure to pay value for your title.
5.  Lack of a right:
    to any land outside the area specifically described and referred to in Item 3 of Schedule A, or
    in streets, alleys, or waterways that touch your land
This exclusion does not limit the access coverage in Item 5 of Covered Title Risks.

**7. CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE – 2003**
**ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE – 2003**

Covered Risks 14 (Subdivision Law Violation), 15 (Building Permit), 16 (Zoning) and 18 (Encroachment of boundary walls or fences) are
subject to Deductible Amounts and Maximum Dollar Limits of Liability

**EXCLUSIONS**

In addition to the exceptions in Schedule B, you are not insured against loss, costs, attorneys' fees, and expenses resulting from:
1.  Governmental police power, and the existence or violation of any law or government regulation. This includes building and zoning ordinances and also laws and regulations concerning:
    (a) building
    (b) zoning
    (c) land use;
    (d) improvements on the land
    (e) land division
    (f) environmental protection.
This exclusion does not apply to violations or the enforcement of these matters which appear in the public records at Policy Date.
This exclusion does not limit the coverage described in Covered Risk 14, 15, 16, 17 or 24.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not apply to violations of building codes if notice of the violation appears in the Public Records at the Policy Date.
3.  The right to take the land by condemning it, unless:
    (a) a notice of exercising the right appears in the public records on the Policy Date; or
    (b) the taking happened before the Policy Date and is binding on You if You bought the land without Knowing of the taking.
4.  Risks:
    (a)  that are created, allowed, or agreed to by You, whether or not they appear in the Public Records;
    (b)  that are Known to You at the Policy Date, but not to Us, unless they appear in the Public Records at the Policy Date;
    (c)  that result in no loss to You; or
    (d)  that first occur after the Policy Date -- this does not limit the coverage described in Covered Risk 7, 8.d, 22, 23, 24 or 25.
5.  Failure to pay value for Your Title.
6.  Lack of a right:
    (a)  to any Land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    (b)  in streets, alleys, or waterways that touch the Land.
This Exclusion does not limit the coverage described in Covered Risk 11 or 18.

**8. ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (10/13/01)**
**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys fees or expenses which arise by reason of:
1.  (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the Land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the Land; (iii) a separation in ownership or a change in the dimensions or areas of the Land or any parcel of which the Land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that s notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the Land has been recorded in the Public Records at Date of Policy. This exclusion does not limit the coverage provided under Covered Risks 12, 13, 14, and 16 of this policy.
    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the Land has been recorded in the Public Records at Date of Policy. This exclusion does not limit the coverage provided under Covered Risks 12, 13, 14, and 16 of this policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the Public Records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without Knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a) created, suffered, assumed or agreed to by the Insured Claimant;

(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;

(d) attaching or created subsequent to Date of Policy (this paragraph does not limit the coverage provided under Covered Risks 8, 16, 18, 19, 20, 21, 22, 23, 24, 25 and 26); or

(e) resulting in loss or damage which would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.     Unenforceability of the lien of the Insured Mortgage because of the inability or failure of the Insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the Land is situated.

5.     Invalidity or unenforceability of the lien of the Insured Mortgage, or claim thereof, which arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, except as provided in Covered Risk 27, or any consumer credit protection or truth in lending law.

6.     Real property taxes or assessments of any governmental authority which become a lien on the Land subsequent to Date of Policy.  This exclusion does not limit the coverage provided under Covered Risks 7, 8(e) and 26.

7.     Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy.  This exclusion does not limit the coverage provided in Covered Risk 8.

8.     Lack of priority of the lien of the Insured Mortgage as to each and every advance made after Date of Policy, and all interest charged thereon, over liens, encumbrances and other matters affecting the title, the existence of which are known to the Insured at:

(a)     The time of the advance; or

(b)     The time a modification is made to the terms of the Insured Mortgage which changes the rate of interest charged, if the rate of interest is greater as a result of the modification than it would have been before the modification.  This exclusion does not limit the coverage provided in Covered Risk 8.

9.     The failure of the residential structure, or any portion thereof to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This exclusion does not apply to violations of building codes if notice of the violation appears in the Public Records at Date of Policy.

## 9. 2006 ALTA LOAN POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.     (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

(i)        the occupancy, use, or enjoyment of the Land;

(ii)       the character, dimensions, or location of any improvement erected on the Land;

(iii)      the subdivision of land; or environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

(b) Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.     Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.     Defects, liens, encumbrances, adverse claims, or other matters

(a) created, suffered, assumed, or agreed to by the Insured Claimant;

(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;

(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or

(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.     Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.     Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.     Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

## 10. 2006 ALTA LOAN POLICY (06-17-06)
### WITH REGIONAL EXCEPTIONS

When the American Land Title Association policy is used as a Standard Coverage Policy and not as an Extended Coverage Policy the exclusions set forth in paragraph 8 above are used and the following exceptions to coverage appear in the policy.

### SCHEDULE B

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

Part One:

1.     Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

2.     Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof.

3.     Easements, claims of easement or encumbrances which are not shown by the public records.

4.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.     Unpatented mining claims; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.

6.     Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown by the public records.

## 11. 2006 ALTA OWNER'S POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.     (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

(i) the occupancy, use, or enjoyment of the Land;

(ii) the character, dimensions, or location of any improvement erected on the Land;

(iii) the subdivision of land; or

(iv) environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

(b) Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.     Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.     Defects, liens, encumbrances, adverse claims, or other matters

(a) created, suffered, assumed, or agreed to by the Insured Claimant;

(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

(c) resulting in no loss or damage to the Insured Claimant;

(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or

(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4.     Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is

(a) a fraudulent conveyance or fraudulent transfer; or

(b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

## 12. 2006 ALTA OWNER'S POLICY (06-17-06)
### WITH REGIONAL EXCEPTIONS

When the American Land Title Association policy is used as a Standard Coverage Policy and not as an Extended Coverage Policy the exclusions set forth in paragraph 8 above are used and the following exceptions to coverage appear in the policy.

### SCHEDULE B

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

Part One:

1.     Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

2.     Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof.

3.     Easements, claims of easement or encumbrances which are not shown by the public records.

4.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.     Unpatented mining claims; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.

6.     Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown by the public records.

"**EXHIBIT C**"

B 10 (Official Form 10)(12/07)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Steven T Davis | Case Number: 2:09-bk-22514-SB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
JPMorgan Chase Bank, National Association

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
 Pite Duncan, LLP

4375 Jutland Drive, Suite 200; P.O. Box 17933
San Diego, CA 92177-0933
Telephone number:
 (858) 750-7600

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

JPMorgan Chase Bank N.A.,
7301 Baymeadows Way Jacksonville, FL 32256

Telephone number:
(866) 926-8937

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $            3,410,449.29

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __MONEY LOANED_____
  (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** __xxxxxx4443_____

**3a.** Debtor may have scheduled account as: _____
  (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☑Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: 1489 San Pasqual, Pasadena, California 91106

Value of Property:$_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $    9,065.67    Basis for perfection: _____

Amount of Secured Claim: $  3,410,449.29   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 03/05/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| | /s/ Christopher M. McDermott | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

73

Recording Requested By and
When Recorded Mail to:

```
Washington Mutual Bank
Office of the Corporate Secretary
1301 2nd Ave., WMC3501
Seattle, WA  98101
```

---

**Space Above for Recording Information**

## AFFIDAVIT OF THE
## FEDERAL DEPOSIT INSURANCE CORPORATION

I, Robert C. Schoppe, having been first duly sworn, hereby make this Affidavit and say that:

1.      I am an authorized representative of the Federal Deposit Insurance Corporation, an agency of the United States government (the "FDIC").

2.      On September 25, 2008, Washington Mutual Bank, formerly known as Washington Mutual Bank, FA ("Washington Mutual"), was closed by the Office of Thrift Supervision and the FDIC was named receiver.

3.      As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C § 1821(d)(2)(G)(i)(II), the FDIC, as receiver of Washington Mutual, may transfer any asset or liability of Washington Mutual without any approval, assignment, or consent with respect to such transfer.

4.      Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of Washington Mutual and JPMorgan Chase Bank, National Association ("JPMorgan Chase"), dated September 25, 2008 (the "Purchase and Assumption Agreement'), JPMorgan Chase acquired certain of the assets, including all loans and all loan commitments, of Washington Mutual.

5.      As a result, on September 25, 2008, JPMorgan Chase became the owner of the loans and loan commitments of Washington Mutual by operation of law.

Executed this 2ND day of October, 2008 in Seattle, King County, Washington.

By: _____
Print Name: Robert C. Schoppe
Title: Receiver In Charge for FDIC as
Receiver of  Washington Mutual Bank

DOCSSEA/186745.v1

## NOTARY'S ACKNOWLEDGMENT

STATE OF WASHINGTON     )
                               ) SS.

COUNTY OF KING               )

I certify that I know or have satisfactory evidence that Robert C. Schoppe is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the Receiver In Charge of the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank to be the free and voluntary act of such party for the uses and purposes mentioned therein.

Dated this 2nd day of October, 2008.

Notary Public in and for the State of
Washington, residing in Redmond
My commission expires: 11/7/10

DOCSSEA/186745.v1

-2-

STATE OF WASHINGTON }
County of King

The Director of Records & Licensing, King County, State of
Washington and exofficio Recorder of Deeds and other
instruments, do hereby certify the foregoing copy has been
compared with the original instrument as the same appears
on file and of record in the office and that the same is a true
and perfect transcript of said original and of the whole thereof,
        Witness my hand and official seal this _____ day
of_____ 20_____

OCT 0 3 2008

Director of Records & Licensing

By    R. Jenper
            Deputy

R. Harper

76

"EXHIBIT D"

```
 1 | David A. Tilem (Bar No. 103825)
   | Sylvia S. Ho (Bar No. 247139)
 2 | LAW OFFICES OF DAVID A. TILEM
   | 206 N. Jackson Street, Suite 201
 3 | Glendale, California 91206
   | Tel:(818) 507-6000   Fax:(818) 507-6800
 4 | Email: DavidTilem@TilemLaw.com
   |        SylviaHo@TilemLaw.com
 5 |
   | Attorneys for Steve Davis
 6 |
```

David A. Tilem (Bar No. 103825)
Sylvia S. Ho (Bar No. 247139)
LAW OFFICES OF DAVID A. TILEM
206 N. Jackson Street, Suite 201
Glendale, California 91206
Tel:(818) 507-6000   Fax:(818) 507-6800
Email: DavidTilem@TilemLaw.com
       SylviaHo@TilemLaw.com

Attorneys for Steve Davis

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**STEVE DAVIS,**<br><br>        Debtor.<br>_____<br><br>STEVE DAVIS,<br><br>    Plaintiff,<br><br>   vs.<br><br>WASHINGTON MUTUAL BANK, FA, a Federal Association, JPMORGAN CHASE BANK N.A., FRANK MATRANGA, MICHAEL ROSENGARTEN, MANHATTAN FINISH, INC., T.L. SHIELDS AND ASSOCIATES, INC., FINTON CONSTRUCTION, INC., dba Finton Associates, fdba Finton Associates, Inc., COVELLO PLASTERING CORP., TILENCOUNTERS, INC., VILLA PACIFIC CONTRACTORS, INC., PARAMOUNT SCAFFOLD, INC., BROADWAY A/C HEATING & SHEET METAL, GERALD H. RISSMAN as Trustee of the _____ Living Trust Dated 11/19/96, JUDITH J. HOLT MCCARTHY REVOCABLE TRUST DATED 5/16/1991, CAROLINE BAKER INTERIOR DESIGN, SIERRA LANDSCAPE DEVELOPMENT, ACTION MILLWORK, RICHARD MACHEN, UNITED STATES OF AMERICA by and through its agency the Internal | ) Case No. 2:09-22514-SB<br>)<br>) Chapter 11<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Adv. Case No. 10-01120-SB<br>)<br>)<br>)<br>)<br>)<br>) <u>**FIRST AMENDED** COMPLAINT FOR</u><br>) **DECLARATORY RELIEF TO DETERMINE**<br>) **PRIORITY AND EXTENT OF LIENS**<br>) **PURSUANT TO RULE 7001 OF THE**<br>) **FEDERAL RULES OF BANKRUPTCY**<br>) **PROCEDURE**<br>)<br>) **(<u>CLASS CERTIFICATION REQUESTED</u>)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1  Revenue Service, GRANT & WEBER,  )
   a Corporation, STATE OF          )
2  CALIFORNIA FRANCHISE TAX BOARD,  )
   J.V. MCBURNEY CONCRETE           )
3  CONSTRUCTION, INC., JOYCE J.     )
   CAMMILLERI TRUST DATED NOVEMBER  )
4  16, 2001, TOM GONZALES, COURTESY )
   ELECTRIC WHOLESALE CORP., ECS    )
5  ELECTRICAL, WHITE STAR           )
   PLASTERING CO., INC., CLASSICAL  )
6  BUILDING ARTS, INC., OJ          )
   INSULATION, LP, JOSE A.          )
7  SANDOVAL, and all others similar )
   situated,                        )
8                                   )
            Defendants.             )
9  _____ )
                                    )
10                                  )
                                    )
11

12  Plaintiff alleges as follows:

13              **VENUE AND JURISDICTION**

14       1.    This Court has jurisdiction over the action pursuant to

15  28 U.S.C. §§1334, 157 and the Order of Reference from the United

16  States District Court for the Central District of California.

17       2.    This is a "core" proceeding pursuant to 28 U.S.C.

18  §157(b)(2)(A), (B), (K) and (O).

19       3.    Venue of the action is properly with this Court pursuant

20  to 28 U.S.C. §1409(a).

21       4.    This case is filed pursuant to Rule 7001 of the Federal

22  Rules of Bankruptcy Procedure insofar as it seeks a determination

23  of the priority and extent of liens which are alleged to be secured

24  by property of the bankruptcy estate.

25                  **THE PARTIES**

26       5.    Plaintiff Steve Davis ("Davis" or "Plaintiff") is the

27  debtor and debtor-in-possession in the above-referenced Chapter 11

28  proceeding commenced by voluntary petition on May 21, 2009 ("the

79

1  Petition Date").

2      6.    Prior to the Petition Date, Davis was the owner of

3  certain real property located at 1475 San Pascual Street, Pasadena,

4  CA ("the Property").

5      7.    Upon filing this case, the Property became property of

6  the bankruptcy estate.

7      8.    Each of the Defendants asserts a lien secured by the

8  Property.  Such lien is reflected on a title report for the

9  Property dated "as of April 28, 2009."  A true and correct copy of

10  the title report is attached as Exhibit "1".

11      9.    The Defendants can be grouped into four categories: (1)

12  consensual lenders; (2) the Internal Revenue Service ("IRS"); (3)

13  the California Franchise Tax Board ("FTB"); and (4) those holding

14  mechanics liens ("Mechanics").

15                          **CLASS ISSUES**

16      10.   The Defendants not specifically identified by name are

17  Mechanics whose identities are presently unknown to Plaintiff.

18          a.    The number of such Mechanics is believed to be so

19          numerous as to make their joinder on an individual basis

20          impracticable.

21          b.    The questions of law and fact presented by this case

22          are identical for all Mechanics.

23          c.    the claims and defenses of the specifically

24          identified Mechanics are identical, or similar to the claims

25          and defenses of the unnamed Mechanics.

26          d.    Plaintiff is informed and believes, and thereon

27          alleges that the number of specifically identified Mechanics

28          can, and will fairly and adequately protect the interests of

80

1    all Mechanics, both identified and unidentified.

2        11.    Plaintiff seeks certification of the Mechanics as a class
3    to avoid any risk of dissimilar treatment between members of the
4    class.

5        12.    Plaintiff seeks certification of the Mechanics as a class
6    because adjudication of the issues presented by this action on
7    behalf of one Mechanic will, in all likelihood, be dispositive of
8    the interests of all other Mechanics.

9                              **THE ISSUES**

10       13.    Depending upon certain events which may occur in the next
11    60 days, Plaintiff may propose a liquidating plan of reorganization
12    whereby the Property would be sold.

13       14.    If the Property is sold for a sufficient sum to pay all
14    claims in full, the issues arising under this complaint are moot.
15    If, however, the Property is sold for a sum which is not sufficient
16    to pay all claims in full, it is imperative that the relative
17    priority of the claims secured by the Property be determined so
18    that the sale proceeds can be distributed appropriately.

19       15.    Any liquidating plan which fails to provide for the
20    possibility that there will be insufficient funds to pay all claims
21    in full would be patently deficient.    Any disclosure statement
22    which fails to advise creditors what may occur if a sale of the
23    Property generates less than the amount needed to pay all claims in
24    full would likely fail the requirements of Bankruptcy Code §1125.

25       16.    By this action, Plaintiff seeks a determination from the
26    Court regarding the priority and extent of claims asserted by the
27    Defendants.

28    / / /

**THE FACTS**

17.   Plaintiff acquired the Property in July, 2002 with the intent to construct a luxury single family residence.  The Property was owned free and clear before the start of any construction.

18.   On or about August, 2003 Plaintiff borrowed $1.4 million from Washington Mutual Bank, FA, a Federal Association ("WAMU") to begin construction ("the Initial Loan").

19.   Grading and the exportation of dirt began on the Property at or about the same time, August, 2003.

20.   In late 2006 Plaintiff approached WAMU about re-writing the loan to provide sufficient funding to complete the construction project ("the Second Loan").

21.   WAMU agreed and made a Second Loan to Plaintiff in the sum of $3 million.  Loan documents for the Second Loan were duly executed and a deed of trust in favor of WAMU was recorded on December 1, 2006.

22.   The Initial Loan was satisfied with a portion of the proceeds from the Second Loan.

23.   As a result of many factors, including the recent slide in property values and lending crunch, Plaintiff was unable to complete construction on the Property within the projected budget and WAMU stopped providing funding under the Second Loan.

24.   Although construction was not completed, construction had progressed to the point where Plaintiff has secured a Certificate of Occupancy for the Property.  What remains are so-called "punch list items".

25.   Plaintiff is informed and believes that on or about September 25, 2008 WAMU was allegedly closed by the Office of

1  Thrift Supervision.  Some of WAMU's assets may have been sold to

2  JPMorgan Chase Bank N.A. ("JPMorgan").  JPMorgan has filed a Proof

3  of Claim asserting that it is the holder of the claim held by WAMU.

4      26.  Plaintiff has marketed the Property and obtained a series

5  of offers in excess of $6.2 million, including two or three in

6  excess of $7 million.  None, however, has thus far resulted in the

7  payment of an earnest money deposit or the completion of a sale.

8      27.  Plaintiff continues to receive offers for the Property,

9  but there is no guaranty that any sale will result in net proceeds

10  which are sufficient to pay all claims in full.

11      28.  Plaintiff is informed and believes, and thereon alleges

12  that disputes do, or may exist between WAMU, JPMorgan, IRS, FTB and

13  the Mechanics with respect to the relative priority of their liens

14  secured by the Property.

15      29.  Plaintiff seeks a determination by this Court setting

16  forth the relative priority of claims held by the Defendants so

17  that Plaintiff can properly provide for each Defendant in its Plan

18  of Reorganization.

19      WHEREFORE Plaintiff prays as follows:

20      1.  For certification of the Mechanics as a class.

21      2.  For a judgment declaring the relative priority and extent

22  of the lien against the Property held by each of the Defendants

23  including, but not limited to the Mechanics.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

02245\P\P5\20100312-Complaint1stAmend.wpd                6

83

3.   For such other and further relief as the Court deems just.

Dated: March 24, 2010

LAW OFFICES OF DAVID A. TILEM

By: _____
DAVID A. TILEM, Attorneys
for Steve Davis

84

| In re:  Steven Davis v. Washington Mutual | CHAPTER:  11 |
|---|---|
| Debtor(s). | CASE NUMBER:  2:10-01120-SB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

206 N. Jackson Street, Suite 201
Glendale, CA 91206

A true and correct copy of the foregoing document described as  Notice of Motion and Motion for Leave to File First  Amended Complaint and Related Relief _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  3/24/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  3/24/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/24/10 | Malissa Murguia | _Malissa Murguia_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: Steven Davis v. Washington Mutual | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:10-01120-SB |

**ADDITIONAL SERVICE INFORMATION (if needed):**

* Frank W Molloy     jgalambos@hmspasadena.com, mdickey@hmspasadena.com
* Nathan A Schultz     schultzn@gtlaw.com
* David A Tilem     davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;
ldiaz@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
* United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

## Service List

Russell Clemenston, Staff
Attorney
United States Trustee
725 S. Figueroa Street, 26th
Fl.
Los Angeles, CA 90012


Honorable Samuel L. Bufford
United States Bankruptcy Court
255 E. Temple Street, Suite
1582
Los Angeles, CA 90012


Washington Mutual Bank
Agent for Service of Process:
Theresa M Marchlewski
9200 Oakdale Ave., N1107101
Chatsworth, CA 91311


JPMorgan Chase Bank
Agent for Service of Process:
CT CORPORATION SYSTEM
818 WEST SEVENTH ST
LOS ANGELES, CA 90017


MANHATTAN FINISH, INC.
AGENT FOR SERVICE OF PROCESS:
DENNIS FRIED
6345 BALBOA BLVD BLD 2 STE 230
ENCINO CA 91316


MANHATTAN FINISH, INC.
1077 E PCH PBM #157
SEAL BEACH CA 90740


FINTON CONSTRUCTION, INC.
401 ROLYN PL
ARCADIA CA 91007

.

FINTON CONSTRUCTION, INC.
AGENT FOR SERVICE OF PROCESS:
MICHAEL REEVES
401 ROLYN PL
ARCADIA CA 91007


COVELLO PLASTERING CORPORATION
AGENT FOR SERVICE OF PROCESS:
CRAIG COVELLO
5909 CLEAR VALLEY ROAD
HIDDEN HILLS CA 91302


COVELLO PLASTERING CORPORATION
5909 CLEAR VALLEY ROAD
HIDDEN HILLS CA 91302

TILENCOUNTERS, INC
3512 N VERDUGO RD
GLENDALE CA 91208


TILENCOUNTERS, INC
AGENT FOR SERVICE OF PROCESS:
MICHELLE GONZALES
3512 N VERDUGO RD
GLENDALE CA 91208


VILLA PACIFIC CONTRACTORS,
INC.
3303 HARBOR BLVD #H5
COSTA MESA CA 92626


VILLA PACIFIC CONTRACTORS,
INC.
AGENT FOR SERVICE OF PROCESS:
MITCHELL B HANNAH
9900 RESEARCH DR
IRVINE CA 92618


PARAMOUNT SCAFFOLD, INC.
16525 S AVALON BLVD
CARSON CA 90746

PARAMOUNT SCAFFOLD, INC.
AGENT FOR SERVICE OF PROCESS:
MICAH NISITO
3300 I ST
SACRAMENTO CA 95816


Frank Matranga
1708 Oak Grove
San Marino, CA 91108-1111


Michael Rosengarten
795 Oak Knoll Circle
Pasadena, CA 91106

T.L. Shield & Associates, Inc.
C/O Louis Khoury
1801 Century Park East, #2400
Los Angeles, CA 90067


FINTON CONSTRUCTION, INC.
C/O EOIN KREDITOR, ESQ.
FRIEDMAN STROFFE & GERARD,
P.C.
19800 MACARTHUR BLVD., SUITE
1100
IRVINE, CA 92612


COVELLO PLASTERING CORPORATION
GREEN & CAMPBELL, LLP
1777 E. LOS ANGELES AVE.,
SUITE 201
SIMI VALLEY, CA 93065


BROADWAY A/C HEATING & SHEET
METAL
1748 21ST STREET
SANTA MONICA, CA 90404


BROADWAY A/C HEATING & SHEET
METAL
ATTN: PRESIDENT ALEXANDER
MERZEL
1748 21ST STREET
SANTA MONICA, CA 90404


GERALD RISSMAN
1101 SKOKIE BLVD. #255
NORTHBROOK, IL 60062


JUDY HOLT
2 BARNARD COURT
RANCHO MIRAGE, CA 92270


CAROLINE BAKER INTERIOR DESIGN
C/O David Delgado
Hunter, Molloy & Salcido, LLP
225 S. Lake Avenue, Suite 600
Pasadena, CA 91101


CAROLINE BAKER INTERIOR DESIGN
AGENT FOR SERVICE OF PROCESS:
1776 LINDA VISTA AVE
PASADENA, CA 91103


CAROLINE BAKER INTERIOR DESIGN
745 SO MARENGO AVE
PASADENA, CA 91106


SIERRA LANDSCAPE DEVELOPMENT
1124 S SANTA ANITA AVE
ARCADIA, CA 91006


SIERRA LANDSCAPE DEVELOPMENT
AGENT FOR SERVICE OF PROCESS:
RICHARD L WATCHLER
1124 S SANTA ANITA AVE
ARCADIA CA 91006


ACTION MILLWORK
3515 WOODHAVEN STREET
SIMI VALLEY, CA 93063


ACTION MILLWORK
7333 COLDWATER CANYON AVE
NORTH HOLLYWOOD, CA 91605

RICHARD MACHEN
ATTN: DAVID BARNIER, ESQ.
2341 JEFFERSON ST., SUITE 200
SAN DIEGO, CA 92110

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114

GRANT & WEBER
26575 W AGOURA RD
CALABASAS CA 91302

GRANT & WEBER
AGENT FOR SERVICE OF PROCESS:
RON GROSSBLATT
26575 W AGOURA RD
CALABASAS CA 91302

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

JV MCBURNEY CONCRETE
CONSTRUCTION,INC
ATTN: PHILIP LANDSMAN
LAW OFFICES OF PHILIP LANDSMAN
22030 VENTURA BLVD., STE. 206
WOODLAND HILLS, CA 91364

TOM GONZALEZ
3512 N. VERDUGO RD
GLENDALE CA 91208

COURTESY ELECTRICAL WHOLESALE
CORP.,
2220 W. MAIN ST.
ALHAMBRA, CA 91801

COURTESY ELECTRICAL WHOLESALE
CORP., 926 E ORANGE GROVE
BLVD.
PASADENA, CA 91104

WHITE STAR PLASTERING CO.
P O BOX 1214
SUN VALLEY CA 91352

WHITE STAR PLASTERING CO.
AGENT FOR SERVICE OF PROCESS:
VICTOR F CASSARA
11841 SHELDON ST
SUN VALLEY CA 91352

CLASSICAL BUILDING ARTS, INC.
9516 GIDLEY ST
TEMPLE CITY CA 91780

CLASSICAL BUILDING ARTS, INC.
AGENT FOR SERVICE OF PROCESS:
ALEJANDRO AGUIRRE
854 E MENDOCINO ST
ALTADENA CA 91001

OJ INSULATION, L.P.
AGENT FOR SERVICE OF PROCESS:
C T CORPORATION SYSTEM
495 S. HIGH ST SUITE 50
COLUMBUS DE 43215

Washington mutual bank
2210 Enterprise Dr.,
DOC OPS FSCE 440
Florence, SC 29501

Jose A Sandoval
3250 Fairesta Street, #D6
La Crescenta, CA 91214

Joyce J. Cammilleri
Boren, Osher & Luftman LLP
Attn: Steven Boren
5900 Wilshire Blvd., Suite 920
Los Angeles, CA 90036


Attention: President
Antique Ornamental Iron Works,
Inc.
12115 Brandford Street, Suite
A1
Sun Valley, CA 91352


Cox, Wells, & Associates
3520 West Twenty Six Street,
Suite 1
Erie, PA 16506


Agent for Service of Process
Albert Gasparyan
12115 Brandford Street, Suite
A1
Sun Valley, CA 91352


Careaga Plumbing
1123 N. Lamer Street
Burbank, CA 91506


Agent for Service of Process
Timothy Devine
23801 Calabasas Road #2026
Calabasas, CA 91302


Celtic Gates & Doors
4002 New York Ave
La Crescenta, CA 91214


Celtic Gates & Doors
1824 1st Street
San Fernando, CA 91340


Cliff's Discount Glass
2333 E. Foothill Blvd.
Pasadena, CA 91107


David Dijuilio
Dijuilio Law Group
330 N. Brand Ave. #702
Glendale, CA 91203


ECS
3152 Grandeur
Altadena, CA 91001


Far West Plywood Company
18450 Parthenia Place
Northridge, CA 91325


Agent for Service of Process
Janet Armstrong
18450 Parthenia Place
Northridge, CA 91325


Jaguar
P.O. Box 542000
Omaha, NE 68154-8000


Jose Cardoza
8800 Roslyndale
Arleta, CA 91331


Los Angeles County Tax
Collector
225 North Hill Street
Los Angeles, CA 90012


Saroyan Lumber
6230 Alameda Street
Huntington Park, CA 90255

Agent for Service of Process
John Saroyan Lumber
6230 S. Alameda Street
Huntington Park, CA 90255

Pite, Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177

Stage to Sell
2275 Huntington Drive, #114
San Marino, CA 91108

Civil Process Clerk
United States Attorney's
Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Chief Counsel
Franchise Tax Board
c/o General Counsel Section
P.O. Box 1720, MS: A-260
Rancho Cordova, CA 95741

Franchise Tax Board
P.O. Box 1673
Sacramento, CA 95812

Nancy Parker
Franchise Tax Board
Legal Department
P.O. Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service
Insolvency I, Stop 5022
300 N. Los Angeles, Street,
#4062
Los Angeles, CA 90012

Franchise Tax Board
PIT Bankruptcy Mail Stop: A-
340
P.O. Box 2950
Sacramento, CA 95812

Attorney General United States
Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC 20044