DAVID E. McALLISTER (CA SBN 185831)
BRIAN A. PAINO (CA SBN 251243)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>STEVE T DAVIS,<br><br>   Debtor. | Case No. 2:09-bk-22514-SB<br><br>Adv. Proc. No. 2:10-ap-01120-SB<br><br>Chapter 11 |
| STEVE T DAVIS,<br><br>   Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, FA, et al.,<br><br>   Defendants. | **JP MORGAN CHASE BANK, NATIONAL ASSOCIATION'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF TO DETERMINE PRIORITY AND EXTENT OF LIENS PURSUANT TO RULE 7001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

Defendant JP Morgan Chase Bank, National Association (hereinafter referred to as "Defendant"), erroneously sued herein as Washington Mutual Bank, FA ("WAMU"),[1] respectfully submits the following Answer to Steve Davis' ("Plaintiff") Adversary Complaint for Declaratory Relief to Determine Priority and Extent of Liens Pursuant to Rule 7001 of the Federal Rules of

---

[1] On or about September 25, 2008, WAMU was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC, as receiver of WAMU, and Defendant, dated September 25, 2008, Defendant acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Defendant became the owner of the loans and loan commitments of WAMU.

- 1 -

1 | Bankruptcy Procedure (hereinafter referred to as the "Complaint"):

## **VENUE AND JURISDICTION**

3 | 1. The allegations contained in paragraph 1 of the Complaint are legal conclusions to which Defendant is not required to respond.

5 | 2. The allegation contained in paragraph 2 of the Complaint is a legal conclusion to which Defendant is not required to respond.

7 | 3. The allegation contained in paragraph 3 of the Complaint is a legal conclusion to which Defendant is not required to respond.

9 | 4. Defendant admits that, by virtue of the pleaded allegations in the Complaint, Plaintiff purports to seek a determination of the priority and extent of liens which are alleged to be secured by property of the bankruptcy estate pursuant to Fed. R. Bankr. P. 7001.

## **THE PARTIES**

13 | 5. To the extent that it is substantiated by the court's docket, Defendant admits the allegation contained in paragraph 5 of the Complaint.

15 | 6. Defendant admits the allegation contained in paragraph 6 of the Complaint, that Plaintiff was the owner of certain real property located at 1475 San Pascual Street, Pasadena, CA (the "Property"), as of the petition date.

18 | 7. The allegation contained in paragraph 7 of the Complaint is a legal conclusion to which Defendant is not required to respond.

20 | 8. With respect to the allegation contained in paragraph 8 of the Complaint, Defendant states that the title report referenced in the Complaint speaks for itself. Defendant admits that it asserts a lien secured by the Property. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Complaint and on that basis denies the allegations.

25 | 9. The allegation contained in paragraph 9 of the Complaint represents the Plaintiff's categorization of the parties, to which Defendant is not required to respond.

27 | /././

**CLASS ISSUES**

10. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10 of the Complaint and on that basis denies the allegation.

    a. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10, subparagraph a of the Complaint and on that basis denies the allegation.

    b. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10, subparagraph b of the Complaint and on that basis denies the allegation.

    c. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10, subparagraph c of the Complaint and on that basis denies the allegation.

    d. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10, subparagraph d of the Complaint and on that basis denies the allegation.

11. The allegation contained in paragraph 11 of the Complaint is a request for certification of a class to which Defendant is not required to respond.

12. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 12 of the Complaint and on that basis denies the allegation.

**THE ISSUES**

13. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 13 of the Complaint and on that basis denies the allegation.

14. The allegation contained in paragraph 14 of the Complaint, that the issues arising under the Complaint will be moot if the Property is sold for a sufficient sum to pay all claims, is a legal conclusion to which Defendant is not required to respond. Defendant lacks information and

Case 2:10-ap-01120-SB    Doc 21    Filed 04/14/10    Entered 04/14/10 16:58:55    Desc
Main Document    Page 4 of 6

1  knowledge sufficient to form a belief as to the truth or falsity of the remaining allegation contained
2  in paragraph 14 of the Complaint and on that basis denies the allegation.

3      15.    The allegations contained in paragraph 15 of the Complaint are legal conclusions to
4  which Defendant is not required to respond.

5      16.    Defendant admits that, by virtue of the pleaded allegations in the Complaint, Plaintiff
6  purports to seek a determination of the priority and extent of claims asserted by the Defendants.

## **THE FACTS**

8      17.    Defendant lacks information and knowledge sufficient to form a belief as to the truth
9  or falsity of the allegations contained in paragraph 17 of the Complaint and on that basis denies the
10 allegations.

11     18.    Defendant admits the allegation contained in paragraph 18 of the Complaint.

12     19.    Defendant lacks information and knowledge sufficient to form a belief as to the truth
13 or falsity of the allegations contained in paragraph 19 of the Complaint and on that basis denies the
14 allegations.

15     20.    Defendant lacks information and knowledge sufficient to form a belief as to the truth
16 or falsity of the allegations contained in paragraph 20 of the Complaint and on that basis denies the
17 allegations.

18     21.    Defendant admits that, on November 24, 2006, Plaintiff executed a promissory Note
19 and Deed of Trust ("Deed of Trust"), which encumbers the Property, in favor of Plaintiff's
20 predecessor in interest, WAMU. Defendant further admits that the Deed of Trust was recorded in the
21 Official Records of Los Angeles County, State of California on December 1, 2006. Except as
22 expressly admitted herein, Defendant denies the remainder of the allegations contained in paragraph
23 21 of the Complaint.

24     22.    Defendant admits the allegation contained in paragraph 22 of the Complaint.

25 /./../
26 /./../
27 /./../
28 /./../

23. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 23 of the Complaint, that as a result of many factors, including the recent slide in property values and lending crunch, Plaintiff was unable to complete construction on the Property within the projected budget, and on that basis denies the allegation. Defendant admits the remaining allegation contained in paragraph 23 of the Complaint, that WAMU declined to provide any additional funding to Defendant under the Second Loan.

24. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and on that basis denies the allegations.

25. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and on that basis denies the allegations.

26. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and on that basis denies the allegations.

27. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 27 of the Complaint and on that basis denies the allegation.

28. The allegation contained in paragraph 28 of the Complaint is a prayer for relief to which Defendant is not required to respond.

## **AFFIRMATIVE DEFENSES**

As and for distinct and affirmative defenses to each and every purported cause of action alleged in the Complaint, and the whole thereof, set forth in the following separate paragraphs, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

/././

**SECOND AFFIRMATIVE DEFENSE**

**(Superior Title)**

JP Morgan's lien on the Property is in all aspects superior to the mechanics' liens and any and all consensual liens on the Property.

**THIRD AFFIRMATIVE DEFENSE**

**(Unstated Affirmative Defense)**

Defendant alleges that, at this time, it does not have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Accordingly, Defendant reserves herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Complaint be dismissed and judgment be rendered in favor of Defendant;
3. For reasonable attorneys' fees and costs of suit; and
4. For such other and further relief as the court may deem just and proper.

PITE DUNCAN, LLP

Dated: April 14, 2010     By: /s/ Brian A. Paino
                          BRIAN A. PAINO
                          Attorneys for JP Morgan Chase Bank, National Association