1  Frank Molloy, Bar No. 051172
   John Logan Hunter, Bar No. 119877
2  David Delgado, Bar No. 238581
   HUNTER, MOLLOY & SALCIDO, LLP
3  225 South Lake Avenue, Suite 600
   Pasadena, California 91101
4  Phone:    (626) 568-2500
   Facsimile: (626) 405-0786
5
   Attorneys for Creditor and Defendant,
6  Caroline Baker Interior Design

7

8                     UNITED STATES BANKRUPTCY COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                           LOS ANGELES DIVISION

11

| | |
|---|---|
| 12  In re | ) CASE NO.   2:09-22514-SB |
| 13  STEVE DAVIS, | ) Chapter 11 |
| 14         Debtor. | ) Adv. Case No. 10-01120-SB |
| 15 | ) ANSWER OF DEFENDANT CAROLINE BAKER INTERIOR DESIGN TO COMPLAINT FOR DECLARATORY RELIEF TO DETERMINE PRIORITY AND EXTENT OF LIENS PURSUANT TO RULE 7001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE |
| 16  STEVE DAVIS, | |
| 17         Plaintiff, | |
| 18     vs. | |
| 19  WASHINGTON MUTUAL BANK, FA, a Federal Association, FRANK MATRANGA, | |
| 20  MICHAEL ROSENGARTEN, MANHATTAN FINISH, INC., T.L. SHIELD AND | |
| 21  ASSOCIATES, INC., FINTON CONSTRUCTION, INC., dba FINTON | |
| 22  ASSOCIATES, INC., COVELLO PLASTERING CORP., TILEN-COUNTERS | |
| 23  INC., VILLA PACIFIC CONTRACTORS, INC., PARAMOUNT SCAFFOLD INC., | |
| 24  BROADWAY A/C HEATING & SHEET MENTAL, GERALD H. RISSMAN as Trustee | |
| 25  of the Living Trust Dated 11/19/96, JUDITH J. HOLT MCCARTHY REVOCABLE TRUST | |
| 26  DATED 5/16/91, CAROLINE BAKER INTERIOR DESIGN, SIERRA LANDSCAPE | |
| 27  DEVELOPMENT ACTION MILLWORK, RICHARD MACHEN, UNITED STATES OF | |
| 28 | |

AMERICA by and through its agency the )
Internal Revenue Service, GRANT & )
WEBBER, a Corporation, STATE OF )
CALIFORNIA FRANCHISE TAX BOARD, J.V. )
MCBURNEY CONCRETE CONSTRUCTION, )
INC., JOYCE J. CAMMILLERI TRUST )
DATED NOVEMBER 16, 2001, TOM )
GONZALES, COURTESY ELECTRIC )
WHOLESALE CORP., ECS ELECTRICAL, )
WHITE STAR PLASTERING CO., INC., )
CLASSICAL BUILDING ARTS, INC., OJ )
INSULATION, LP, JOSE A. SANDOVAL, and )
all other similar situated, )
)
            Defendants. )
)
_____ )

Defendant, CAROLINE BAKER INTERIOR DESIGN ("Defendant") answers the Complaint ("Complaint") of Plaintiff STEVE DAVIS ("Plaintiff") as follows:

## VENUE AND JURISDICTION

1. Answering paragraph 1 of the Complaint, Defendant admits the same.
2. Answering paragraph 2 of the Complaint, Defendant admits the same.
3. Answering paragraph 3 of the Complaint, Defendant admits the same.
4. Answering paragraph 4 of the Complaint, Defendant admits the same.

## THE PARTIES

5. Answering paragraph 5 of the Complaint, Defendant admits the same.
6. Answering paragraph 6 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.
7. Answering paragraph 7 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.
8. Answering paragraph 8 of the Complaint, Defendant admits that the Defendant recorded a lien against the Real Property located at 1475 San Pascual Street, Pasadena, California (hereinafter "Property"). Defendant is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein.

9. Answering paragraph 9 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

## CLASS ISSUES

10. Answering paragraph 10 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

10a. Answering paragraph 10a of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

10b. Answering paragraph 10b of the Complaint, Defendant admits that the questions of law and fact related to the determination of the relative priority of the claims that are secured by the Property are identical for all mechanic's holding valid and meritorious mechanic's lien claims. Defendant is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein.

10c. Answering paragraph 10c of the Complaint, Defendant admits the allegations.

10d. Answering paragraph 10d of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

11. Answering paragraph 11 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

12. Answering paragraph 12 of the Complaint, Defendant admits that adjudication of the priority issues presented by this action on behalf of one Mechanic holding a valid and meritorious mechanic's lien claim will, in all likelihood, be dispositive of the interests of all other Mechanics holding valid and meritorious mechanic's lien claims. Defendant is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations therein.

## THE ISSUES

13. Answering paragraph 13 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

14. Answering paragraph 14 of the Complaint, Defendant admits that if all claims are paid in full, then priority should not be an issue. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

15.     Answering paragraph 15 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

16.     Answering paragraph 16 of the Complaint, Defendant admits that Plaintiff has filed a Complaint for declaratory relief related to the relative priority of liens/claims against the Property. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

## THE FACTS

17.     Answering paragraph 17 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

18.     Answering paragraph 18 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

19.     Answering paragraph 19 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

21.     Answering paragraph 21 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

22.     Answering paragraph 22 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

23.     Answering paragraph 23 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

24.     Answering paragraph 24 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

25.     Answering paragraph 25 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

26.     Answering paragraph 26 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

27.     Answering paragraph 27 of the Complaint, Defendant admits that Defendant claims that Defendant's mechanic's lien claim against the Property has priority over any claim or lien against the Property asserted by any other party. Defendant is without sufficient information

and knowledge to form a belief as to the truth of the allegations therein.

28. Answering paragraph 28 of the Complaint, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations therein.

WHEREFORE, having answered Plaintiff's complaint and reserving the right to assert affirmative defenses, Defendant CAROLINE BAKER INTERIOR DESIGN prays for judgment on Plaintiff's Complaint as follows:

1. That the mechanics lien holders are certified as a class only to the extent of the validity and merit of each holder's individual mechanic's lien claim;

2. That Defendant's mechanic's lien claim is deemed to have priority over all other liens claimed by any other Defendant;

3. For reasonable attorneys' fees and costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and equitable.

DATED:    May 14, 2010        HUNTER, MOLLOY & SALCIDO, LLP

By: _____
David Delgado
Attorneys for Defendant
Caroline Baker Interior Design

| In re:  Steven Davis | | CHAPTER 11 | |
|---|---|---|---|
| | Debtor(s). | CASE NUMBER: | 2:09-22514-SB |
| | | ADVERSARY : | 10-01120-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as **Answer of Defendant Caroline Baker Interior Design to Complaint for Declaratory Relief to Determine Priority and Extent to Liens Pursuant to Rule 7001 of the Rules of Bankruptcy** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 18, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**David A. Tilem:** davidtilem@tilemlaw.com; malissamurguia@tilemlaw.com; macrycarman@tilemlaw.com; and
**United States Trustee (LA):** ustpregion16.la.ecf@usdpj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 18, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Samuel L. Bufford, United States Banruptcy Court, 225 E. Temple St., Suite 1582, Los Angeles, CA 90012
David A. Tilem (Debtor's Counsel), Law Offices of David A. Tilem, 206 N. Jackson St., Suite 201, Glendale, CA 91206
Steve Davis (Debtor), 4809 Burgoyne Lane,, La Canada, CA 91011
Russell Clementson, Staff Attorney, U.S. Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017

x  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 05/18/10 | Travis M. Chow | _/s/ Travis M. Chow_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                **F 9013-3.1**

| In re: Steven Davis | CHAPTER 11 | |
|---|---|---|
| Debtor(s). | CASE NUMBER: | 2:09-22514-SB |
| | ADVERSARY: | 10-01120-SB |

Jennifer V. Stroffe
Friedman Stroffee & Gerard, P.C.
19800 MacArthur Blvd., #1100
Irvine, CA 92612-2425

Washington Mutual Bank
Agent for Service of Process
Theresa M Marchlewski
9200 Oakdale Ave., N1107101
Chatsworth, CA 91311

JPMorgan Chase Bank
Agent for Service of Process
CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017

Manhattan Finish, Inc.
Agent for Service of Process
Dennis Fried
6345 Balboa Blvd., Bld 2, Suite 230
Encino, CA 91316

Manhattan Finish, Inc.
1077 E PCH PBM #157
Seal Beach, CA 90740

Finton Construction, Inc.
401 Rolyn Pl
Arcadia, CA 91007

Finton Construction, Inc.
Agent for Service of Process
Michael Reeves
401 Rolyn Pl
Arcadia, CA 91007

Finton Construction, Inc.
c/o Eoin Kreditor, Esq.
Friedman Stroffe & Gerard, P.C.
19800 MacArthur Blvd., #1100
Irvine, CA 92612-2425

Frank Matranga
1708 Oak Grove
San Marino, CA 91108-1111

Covello Plastering Corporation
Agent for Service of Process
Craig Covello
5909 Clear Valley Road
Hidden Hills, CA 91302

Covello Plastering Corporation
5909 Clear Valley Road
Hidden Hills, CA 91302

Covello Plastering Corporation
Green & Cambell, LLP
1777 E. Los Angeles Ave., Suite 201
Simi Valley, CA 93065

Tilencounters, Inc.
3512 N. Verdugo Rd.
Glendale, CA 91208

Villa Pacific Contractors, Inc.
3303 Harbor Blvd., #H5
Costa Mesa, CA 92626

Villa Pacific Contractors, Inc.
Agent for Service of Process
Mitchell B. Hannah
3303 Harbor Blvd., #H5
Costa Mesa, CA 92626

Paramount Scaffold, Inc.
16525 S. Avalon Blvd.
Carson, CA 90746

Paramount Scaffold, Inc.
Agent for Service of Process
Micah Nisito
16525 S. Avalon Blvd.
Carson, CA 90746

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                         F 9013-3.1

| In re:  Steven Davis | | CHAPTER 11 | |
|---|---|---|---|
| | Debtor(s). | CASE NUMBER: | 2:09-22514-SB |
| | | ADVERSARY: | 10-01120-SB |

Michael Rosengarten
795 Oak Knoll Circle
Pasadena, CA 91106

Sierra landscape Development
1124 S. Santa Anita Ave.
Arcadia, CA 91006

Joyce Cammilleri
Boren, Osher & Luftman LLP
Attn: Steven Boren
5900 Wilshire Blvd., Suite 920
Los Angeles, CA 90036

Jose A. Sandoval
2346 Caldero Lane
Montrose< CA 91020

Washington Mutual Bank 2210 Enterprise Dr.
DOC OPS FSCE 440
Florence, SC 29501

Classical Building Arts, Inc.
9516 Gidley St.
Temple City, CA 91780

Classical Building Arts, Inc.
Agent for Service of Process
Alejandro Aguirre
9516 Gidley St.
Temple City, CA 91780

White Star Plastering Co.
P.O. Box 1214
Sun Valley, CA 91352

White Star Plastering Co.
Agent for Service of Process
Victor F. Cassara
P.O. Box 1214
Sun Valley, CA 91352

Courtesy Electrical Wholesale Corp.; ECS Electrical
2220 W. Main St.
Alhambra, CA 91801

Courtesy Electrical Wholesale Corp.; ECS Electrical
926 E. Orange Grove Blvd.
Pasadena, CA 91104

T.L. Shield & Associates, Inc.
c/o Louis Khoury
1801 Century Park East., #2400
Los Angeles, CA 90067

Broadway A/C/ Heating & Sheet Metal
1748 21st St.
Santa Monica, CA 90404

Broadway A/C/ Heating & Sheet Metal
Attn: President Alexander Merzel
1748 21st St.
Santa Monica, CA 90404

Gerald Rissman
1101 Skokie Blvd., #255
Northbrook, IL 60062

Judy Holt
2 Barnard Ct.
Rancho Mirage, CA 92270

Tom Gonzalez
3512 N. Verdugo Rd.
Glendale, CA 91208

Sierra Landscape Development
Agent for Service of Process
Richard L. Watchler
1124 Santa Anita Ave.
Arcadia, CA 91006

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                     F 9013-3.1

| In re:  Steven Davis | CHAPTER 11 | |
|---|---|---|
| Debtor(s). | CASE NUMBER: | 2:09-22514-SB |
| | ADVERSARY : | 10-01120-SB |

Action Millwork
3515 Woodhaven St.
Simi Valley, CA 93063

Action Millwork
7333 Coldwater Canyon Ave.
North Hollywood, CA 91605

Richard Machen
Attn: David Barnier, Esq.
2341 Jefferson St., Suite 200
San Diego, CA 92110

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Grant & Weber
26575 W. Agoura Rd.
Calabasas, CA 91302

Grant & Weber
Agent for Service of Process
Ron Grossblatt
26575 W. Agoura Rd.
Calabasas, CA 91302

Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812

JV McBurney Concrete Construction, Inc.
Attn: Philip Landsman
Law Offices of Philip Landsman
22030 Ventura Blvd., Suite 206
Woodland Hills, CA 91364

OJ Insulation, L.P.
Agent for Service of Process
CT Corporation System
495 S. High St., Suite 50
Columbus, DE 43215

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1